## SUPREME COUNCIL OF THE ROYAL ARCANUM, Plaintiff, EFFIE HEITZMAN, Appellant, v. SUSIE HEITZMAN, Respondent.

### St. Louis Court of Appeals, June 8, 1909.

1. **APPELLATE PRACTICE: Jurisdiction: Constitutional Question.** If the question of the constitutionality of a statute is really involved and is properly raised in the court below, the Supreme Court has jurisdiction of the appeal; but where such question is not raised in appellant's pleading or motion in arrest of judgment, this court has jurisdiction.

2. **STATUTES: Retroactive Operation.** Statutes will not be held to affect transactions which antedate them, unless the intention of the Legislature for them to retroact is clear, and especially is this the rule, when the opposite construction would render them unconstitutional and void.

3. **FRATERNAL BENEFICIARY ASSOCIATION: Change of Beneficiary: Contract to Pay Assessments: General Doctrine.** The general doctrine regarding a contract made by the holder of a certificate of life insurance in a fraternal order with the beneficiary, that the appointment of the latter as beneficiary should be irrevocable, in consideration of the latter's agreeing to pay assessments and take care of insured is, that it creates only an equity in favor of the latter.

4. ————: **Change of Beneficiary: Estoppel.** The holder of such a certificate may estop himself, in the absence of a statute, to change the beneficiary; but this is far from saying he has a right to make a contract not to change, which a statute cannot take away.

5. ————: **Powers of Insured: Change of Beneficiary: Vested Interest.** The right of the holder of such a certificate to sums agreed to be paid at his death is simply the power to appoint a beneficiary, and the latter acquires no vested interest in the certificate but simply an expectancy, which may be divested by the member changing the beneficiary.

6. ————: ————: **Contract to Pay Assessments: Application of Statute.** Under section 1417, Revised Statutes 1899, a contract made by the holder of a certificate of life insurance in a fraternal order with the beneficiary, that the appointment of the latter should be irrevocable, in consideration of the latter's

agreeing to pay assessments and take care of insured does not give such beneficiary a vested right in such certificate, nor deprive such holder of the right to change the beneficiary.

7. ———: ———: ———: ———: **Beneficiary Not Entitled to Reimbursement for Dues Paid.** Under section 1417, Revised Statutes 1899, where a contract is made by the holder of a certificate of life insurance in a fraternal order with the beneficiary, that the appointment of the latter should be irrevocable, in consideration of the latter's agreeing to pay assessments and take care of insured, and the beneficiary pays such assessments and expends money taking care of insured, in pursuance of such contract, and the insured afterwards changes the beneficiary, the former beneficiary is not entitled to be reimbursed out of the insurance fund due at the death of insured for the amounts so paid for assessments and in taking care of insured.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Bass and Brock* for appellant.

(1)   Section 1417 of the Revised Statutes of Missouri is unconstitutional and void because it is in violation of section 15, article 2, and section 30 of article 2 of the Constitution of Missouri in that it impairs the obligation of contracts and attempts to deprive the insured in fraternal organizations of his right and liberty to enter into a contract, reasonable and salutary in its purposes, without due process of law.   State v. Tie and Timber Co., 181 Mo. 536; State v. Julow, 129 Mo. 163.   (2) The constitutionality of the above statute can be attacked in this court for the first time on appeal, because said statute is not raised in the issues, but is involved in the case only by way of argument in the brief of counsel for interpleader, Susie Heitzman, and it is necessarily and incidentally involved in this case in said manner for a correct decision of the same and cannot be shown from the record.   This is also an equity cause.   Kreyling v. O'Reilly, 97 Mo. App. 384. (3)   Under the contract between Mr. Heitzman and

plaintiff order entered into in the year 1895, he became vested with a valuable property right, the right to pay the agreed consideration and to appoint a person to take the benefit and to convey to said beneficiary by contract a vested interest in the fund. Bacon on Benefit Societies (3 Ed.), 1904, p. 531; Hysinger v. Supreme Lodge, K. L. of H., 42 Mo. App. 627; Loysaght v. Stone Masons, etc., Assn., 55 Mo. App. 538; Froelich v. Musicians' Mut. Ben. Assn., 93 Mo. App. 383. (4) Under this contract with the order and under the common law applying to it, Mr. Heitzman had an undoubted right to make the contract alleged in appellant's interplea conveying to appellant a vested right in the fund due under the certificate issued solely in her favor. Smith v. Mut. Ben. Society, 123 N. Y. Sup. 932; Leaf v. Leaf, 92 Ky. 167; Bacon on Ben. Societies (3 Ed.), 295; Sup. Council v. Murphy, 55 Atl. Rep. 497; Conselyou v. Sup. Council, 38 N. Y. Sup. 248; Grumbley v. Harrold, 125 Cal. 24; Goodrich v. Bohan, 52 S. W. 1105; Bernard v. Grand Lodge, 13 So. Dak. 132. (5) Neither the fraternal orders nor the State can abridge the essential rights of the member existing under the law and the contract entered into between the member and the fraternal order at the time of the creation of the membership, which contract is composed not only of the certificates issued to the member, but the then existing laws of the order. Morton v. Sup. Council, 100 Mo. App. 76; Rheinhold v. Kerrigan, 85 Mo. App. 256; Elsea v. Pryor, 87 Mo. App. 157; Huff v. Woodmen of the World, 85 Mo. App. 96; Collins v. German American Mut. Life Assn., 84 Mo. App. 555, also id., 85 Mo. App. 242; Leete v. Bank, 115 Mo. 184; St. Charles v. Hackman, 133 Mo. 634; Ellerbe v. Ben. Assn., 114 Mo. 501; State ex rel. v. Greere, 78 Mo. 188. (6) A contract between husband and wife will now be upheld and enforced in this State either in equity or in law. Grimes v. Reynolds, 184 Mo. 679; Rice, Stix & Co. v. Sally, 176 Mo. 107. (7) Section 1418 of the

Revised Statutes of Missouri, 1899, has no application to this case. Grand Lodge A. O. U. W. v. Dister, 77 Mo. App. 608; McGrew v. McGrew, 190 Ill. 604. (8) In any event, under the appellant's interplea, she is entitled to so much of the fund, $2,000,000 payable to Susie Heitzman under the last certificate issued as will make her whole in case the contract of Susie Heitzman is sustained. Leaf v. Leaf, 17 S. W. 354; Grand Lodge A. O. U. W. v. O'Malley, 89 S. W. 74.

*J. C. Shaner* and *Frederick H. Bacon,* for respondent, filed argument.

GOODE, J.—Plaintiff is a fraternal association incorporated under the laws of Massachusetts, and authorized to do business in this State. On January 10, 1905, Joseph Heitzman applied for and received a certificate of membership in plaintiff company, binding him to comply with all the laws, rules and regulations of the order and binding plaintiff, if he did, to pay his children Bessie, Katy and Susie, the sum of three thousand dollars at his death. In 1896 Heitzman surrendered said benefit certificate and obtained a new one payable to the same beneficiaries. On July 20, 1901, he surrendered the second benefit certificate for a new one payable one-third to his wife, Effie, and two-thirds to Susie Heitzman. Plaintiff alleges the said surrender of the certificates and issuance of others in their place was according to the by-laws of the order. On November 9, 1905, Joseph Heitzman died and plaintiff then became liable to pay $3,000 to his legal beneficiaries. After his death Effie Heitzman demanded the entire amount of the benefit certificate, to-wit, $3,000, asserting that in order to comply with the formalities required for a change of beneficiaries, the insured fraudulently had obtained possession of the certificate issued in her favor July 20, 1901, and that Susie Heitzman demanded of plaintiff $2,000, which she asserted

was payable to her under the terms of the certificate last issued. These facts were set up in a petition in the nature of a bill of interpleader filed by plaintiff, the amount of the certificate was paid into court and plaintiff prayed defendants be enjoined from bringing action against it on the certificate and be required to interplead for the money among themselves. Pursuant to a stipulation entered into by the parties, the court discharged plaintiff, ordered the defendants to interplead for the fund and to bring their certificates into court to be held by the clerk until final disposition of the case. Appellant, Effie Heitzman, filed her interplea in which she alleged most of the facts stated *supra* regarding transactions between Joseph Heitzman and the company until the date of the certificate issued July 20, 1901; alleged the certificate issued to Heitzman in 1896, wherein his three children were beneficiaries was surrendered by him to the company and a new one taken out payable to her (appellant) pursuant to an agreement between her and him entered into in July, 1901, that she should pay plaintiff all dues and assessments to fall due and Heitzman should cause a new benefit certificate to be issued by the company in which she (appellant) should be the beneficiary to the amount of $3,000; that it was agreed by the insured and herself the former should not thereafter change the beneficiary so that any other person would become interested in the proceeds of the certificate, so long as she should continue to pay the dues and assessments and take care of said Joseph Heitzman in his last days; pursuant to said arrangement between her and Joseph Heitzman, the latter caused the certificate issued July 20, 1901, to be issued in said Effie's favor for the full amount of $3,000, and afterwards she paid all dues and assessments accruing on said certificate and took care of said Heitzman in fulfillment of her agreement; on or about March 11, 1905, said Joseph Heitzman, during her absence from their home, secretly took said benefit certifi-

cate from her custody without her knowledge or con-
sent, it having been delivered to her under the contract
between the two; said Joseph surrendered the same and
caused a new certificate to be issued by the company,
whereby he attempted to divest said Effie of her vested
interest in the $3,000 and to make $2,000 of the benefit
payable to Susie, his daughter, and only $1,000 payable
to her, said Effie; that she paid to the order a large
sum of money, the exact amount she could not state,
to keep up the dues and assessments on the certificate,
and paid out also a large sum for the support, mainte-
nance and medical treatment of her husband. On those
facts and others corresponding to what we have recited
from plaintiff's petition, appellant prayed the court
to decree the whole $3,000 be paid over to her and for
further proper relief. Susie Heitzman moved the court
to enter judgment in her favor on the interplea filed by
Effie Heitzman, on the ground the facts stated in said
interplea gave said Effie no right to more than $1,000
of the proceeds of the certificate. This motion was sus-
tained, the court entered judgment on the pleadings in
favor of Susie for $2,000 of the fund and in favor of
Effie Heitzman for $1,000.   Said Effie (appellant)
moved the court to arrest the judgment for various rea-
sons, the sum of which is she was entitled to the entire
fund on the facts stated in her interplea. This motion
was overruled and she appealed.

A statute of this State was enacted in 1897, which
concerns the matter in hand. Said act declared no
contract between a member of a fraternal society and
his beneficiary that the latter, or any one for him,
should pay such member's assessments and dues, should
give the beneficiary a vested right in the benefit certifi-
cate, or in the benefit, or deprive the member of the
right to change the name of the beneficiary and revoke
the certificate; further, that the money or other bene-
fit, charity, relief or aid already paid or to be paid, pro-
vided or rendered by any fraternal association, should

not be liable to attachment or execution by trustee, garnishee or other process, and should not be seized, taken or applied, by any legal or equitable process or by the operation of law, to pay any debt or liability of the certificate holder, or of any beneficiary named in the certificate, or any person who might have a right thereunder. [Laws 1897, p. 132; R. S. 1899, sec. 1417, 1418.] Appellant's counsel concede if those statutes govern the case, they stand in the path of a recovery by appellant of more than $1,000 of the benefit certificate of July 20, 1901, but they contend the statutes do not govern, because, to apply them would make them operate retrospectively on Heitzman's original contract with the company, in violation of section 15, article 2 of the State Constitution, and also section 30 of said article, which provides against any person being deprived of life, liberty or property without due process of law. The idea is that Heitzman had a property interest in the benefit certificate issued in 1895 and renewed in 1896 and a right to make a contract with appellant like the one alleged, of which interest and right the enactment would deprive him, if held to affect a contract formed prior to it as Heitzman's was. The jurisdiction of this case would be in the Supreme Court if these points are really involved and had been raised properly below; but the case has been brought here for decision and we will dispose of it, as we find nothing said about a constitutional question in appellant's pleading or her motion in arrest of judgment. [State ex rel. v. Bland et al., 189 Mo. 691.] Statutes will not be held to affect transactions which antedate them, unless the intention of the Legislature for them to retroact is clear, and especially is this the rule when the opposite construction would render a statute unconstitutional and void. [State ex rel. v. Thompson, 41 Mo. 26; State v. Ferguson, 62 Mo. 77; Cooley, Const. Lim., pp. 255, 529.] The certificate taken out by Heitzman in July, 1901, in favor of appellant, was dated four

years after the act *supra* had become the law of the
State, and *prima facie* no contract could be made about
it which was obnoxious to the act. It is to meet this
point counsel for appellant argue Heitzman's prior cer-
tificates of 1895 and 1896 entitled him to make a con-
tract of the kind alleged; i. e., that if appellant would
pay the dues and assessments accruing to the society
and take care of the insured, he never would change
the benefit certificate which was taken out in her favor.
They further say, the taking out of a new certificate in
appellant's name in July, 1901, was not done in order
to create a new contract of insurance, but simply to
follow the mode prescribed in the society's by-laws for
changing the payee, and this is true. Insisting Heitz-
man had the right to make the contract and that his
right was within the constitutional guaranties cited
*supra,* they argue that to render said guaranties effec-
tual and make his right to contract as alleged available,
it is essential to hold appellant may set up the consti-
tutional immunity of the contract from impairment by
subsequent legislation; that his right to agree would
be valueless, if the person agreed with could acquire
no interest by the contract, because no one would con-
tract with him in said event. This argument, per-
haps, will be made clearer by saying it is analogous to
the doctrine that if an innocent holder of a negotiable
instrument assigns it before maturity to one who has
knowledge of an equity in favor of the maker, the lat-
ter will take the instrument free from the equity; not
for his own sake, but because otherwise the innocent
holder would be deprived of the full measure of his
right to negotiate. Likely the argument would be sound
if based on a sound premise. But in point of law Heitz-
man had no right by virtue of his original certificate to
make a contract with appellant which would give her
a vested interest in the certificate of 1901. There have
been a few cases in this State in which it was held a
member of a fraternal society holding a certificate pro-

viding for payment of sick benefits or funeral expenses, had a vested property right. [Lysaght v. Assn., 55 Mo. App. 538; Freolich v. Assn., 93 Mo. App. 383; Ludowski v. Society, 29 Mo. App. 337.] And it seems in one or more States, a certificate of insurance in a fraternal order is regarded as a property interest of the member. [Crumley v. Harrold, 125 Cal. 24.] But the general doctrine regarding contracts of the kind alleged in appellant's interplea, is that, as against a subsequent appointee, only an equity would accrue from a contract in favor of a beneficiary who had agreed to pay assessments and take care of the insured in consideration of an irrevocable appointment as beneficiary. [Supreme Council v. Tracy, 169 Ill. 123; Smith v. Soc., 132 N. Y. 85; Leaf v. Leaf, 92 Ky. 167; Sup. Coun. v. Murphy, 55 Atl. (N. J.) 497; Jory v. Sup. Council (Cal.), 26 L. R. A. 733.] Perhaps the case last cited states the doctrine in its most acceptable form, when it says a member of a fraternal order may so contract with his proposed beneficiary, as to give birth to equities in favor of the latter of such merit the member would have no power to defeat them. The opinion said further some authorities declare the right of the beneficiary under these agreements, amounts to a vested interest in the proceeds of the certificate, but this was not a correct statement of the law and the matter seemed to be rather a question of equity and the stronger and better equity must prevail. The law of the question will be found discussed in 1 Bacon, Ben. Soc. (3 Ed.), sec. 306, *et seq.* We need not look for advice to outside courts, for the case must be determined on the authority of a decision of our Supreme Court on a certificate and an agreement about it antedating the statutes supra. [Masonic Ben. Assn. v. Bunch, 109 Mo. 560.] In that case the member had designated his brother and the latter's heirs as beneficiaries, it seems, upon an agreement with the brother to pay dues and assessments as they accrued

140 App.—8

and advance the member such sums of money as would be needed to support him during his life; so it was stated in the member's will, and the opinion shows the beneficiary agreed at least to pay dues and assessments. Said beneficiary having died, one of his heirs kept up the dues, though the insured also attempted to do so. The widow and a son of the original beneficiary retained the certificate, and the insured could not procure it to surrender and take out a new certificate for his sisters, whom he desired to name as beneficiaries. In this situation he recited what purported to be the facts in his last will and bequeathed the proceeds of the certificate to a trustee, directing the trustee to refund to the heirs of the first beneficiary all sums the latter or heirs had paid on the policy, and divide the remainder of the proceeds between the two sisters of the insured. After the death of the member, the association filed a petition in the nature of a bill of interpleader, paid the money into court, and the heirs of the first beneficiary asserted their title to the fund, as did the trustee designated in the will. The Supreme Court said all authorities agreed the right of the members of benefit societies to sums agreed to be paid at death, was simply the power to appoint a beneficiary, and it was equally well settled the latter acquired no vested interest in the certificate, but simply an expectancy which might be divested by the member changing the beneficiary; said further, the right of the latter to change the payee was not affected by the fact that the first beneficiary had paid assessments and procured and retained the certificate. That decision was pronounced on facts not materially unlike those under review, and disposes of the contention that Joseph Heitzman's alleged agreement with appellant deprived him of the power to divert part of the benefit to his daughter. [Westerman v. Sup. Lodge, 196 Mo. 670, 737, *et seq.*] The insured may estop himself, in the absence of a statute, to change the beneficiary; but this is far from saying he has a right to agree not to change,

which a statute cannot take away. [1 Bacon, Ben. Soc. (3 Ed.), sec. 306, note 4, p. 755 and notes and *page 756.] It follows the statutes in question may be held to control the demand of appellant to the fund in question, without abridging any contractual right of Joseph Heitzman under his original certificates.

It is argued appellant, if not entitled to the whole fund, is entitled to reimbursement out of it for the money she paid for assessments and dues and in taking care of her husband, and the division between her and Susie Heitzman should be of the remainder—that she has an equity to said sums. But for the statutes in question this proposition would be well taken on the authorities, including the Bunch case (*loc. cit.* 581). But it is to be borne in mind the contract between her and her husband is alleged to have been made long after the statute took effect, and the design of the latter was to invalidate such agreements. Section 1417 says no contract between a member of a fraternal association and his beneficiary that the latter, or any person for him, shall pay the member's assessments or dues, shall give the beneficiary any vested right in the certificate, deprive the member of the right to change the beneficiary, or revoke the certificate, etc. The purpose of this section, as well as the general policy of the law, which is to prevent the acquisition of vested interests in fraternal policies, would be frustrated in part, if the fund could be charged with liens for money paid pursuant to the very species of agreements the statute was directed against.

The judgment is affirmed. All concur.