FRANK E. STROKER, Appellant, v. CITY OF ST. JOSEPH, ST. JOSEPH RAILWAY, LIGHT, HEAT & POWER COMPANY, and HENRY L. DOHERTY.—292 S. W. 1031.

Court en Banc, April 8, 1927.

**APPEAL: Brief: No Assignment of Error.** Such a brief as lawyers usually prepare for use in the trial court is not a compliance with Rule 15 of this court; and if appellant's brief contains neither assignments of error nor points and authorities, and no where assigns error to any action of the trial court, the appeal, upon respondent's motion, will be dismissed. And particularly so where the act sought by the suit to be enjoined had at the

trial become an accomplished fact, and the case is therefore a moot one, and the enforcement of the rules can work no injustice to appellant.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 1583, p. 1407, n. 10; Section 1588, p. 1415, n. 68.

Appeal from Buchanan Circuit Court.—*Hon. W. H. Utz,* Judge.

DISMISSED.

*W. K. Amick, Lewis F. Randolph, Horace Merritt* and *Eastin & McNeely* for appellants.

*J. V. Gaddy, W. B. Norris, Floyd M. Sprague* and *Chas. H. Mayer* for respondents.

BLAIR, J.—This is an injunction suit whereby appellant sought to restrain the city of St. Joseph and its officers from surrendering possession of its municipal electric light plant, under alleged contracts with respondents St. Joseph Railway, Light, Heat & Power Company and Henry L. Doherty for furnishing electric current to said city. Said railway company and Henry L. Doherty were permitted to be made defendants and to intervene in the case, and filed their answers therein, to which appellant filed his reply.

Upon the hearing the trial court found that said contracts were valid and binding contracts and that plaintiff (appellant) was not entitled to the relief sought and entered judgment for defendants. After unavailing motion for new trial, plaintiff was granted an appeal to this court. Respondents have filed their motion to dismiss the appeal. That motion was taken with the case and is the first matter for consideration. The grounds upon which respondents contend that the appeal should be dismissed are, first, that the case it now moot, because the acts sought to be enjoined have already been accomplished, and, second, because appellant has not complied with our Rule 15.

We will consider these points in reverse order. Our Rule 15 provides that "the brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto: (1) a fair and concise statement of the facts of the case without reiteration, statements of law, or argument; (2) a statement, in numerical order, of the points relied on, with citation of authorities thereunder, and no reference will be permitted at the argument to errors not specified; and (3) a printed argument, if desired. . . . No brief or statement which violates this rule will be considered by the court."

The penalty for failure to comply with Rule 15 is dismissal of the appeal, unless respondent exercises his option to have the cause continued at the cost of appellant. [Rule 16.] Respondents are insisting that the appeal be dismissed. It therefore remains to be seen if appellant has sufficiently complied with Rule 15.

Appellant's brief contains neither Assignments of Error nor Points and Authorities, as those terms are generally understood by bench and bar. After a commendably brief statement of the facts and under Proposition "I," appellant says: "The plaintiff has the right to bring this action." Then follow citation of authorities and excerpts therefrom, to the effect that a taxpayer may enjoin the unlawful act of officers which will injure taxpayers.

Proposition "II" is: "Special Ordinance Number 9366, by which it is proposed to cease operating the city electric light plant and submitting the proposition to the voters, is illegal, and the election held thereon is void." It is then argued that the proposition to dispose of the city's electric light plant was not submitted to the voters in accordance with Section 7961, Revised Statutes 1919, and cases condemning doubleness in propositions submitted to voters are cited.

Proposition "III" in appellant's brief is as follows: "Special Ordinance Number 9424, which was enacted by the Common Council after the Mayor had refused to enter into the contract as requested by Special Ordinance 9367, is void, because it fails to comply with Section 7641 of the charter, which reads: 'No bills, except general appropriation bills, shall contain more than one subject which shall be clearly set forth in the title.' " Then follow citation of cases and excerpts therefrom which are said to support the proposition.

Proposition "IV" was that "Special Ordinance Number 9424 is void because it is forbidden by the provisions of Section 7676 of the charter." Then follows an excerpt of the applicable portions of said section of the statute.

Proposition "V" was as follows: "The ordinance and contract are void because they contravene the express provisions of Section 7933 of the charter and other sections hereinafter mentioned." Sections of the charter are then quoted, with comments upon the testimony to show that such sections control.

Proposition "VI" reads as follows: "Answering the Statutes referred to in the previous portions of this argument, counsel for defendants in the trial court referred to Sections 7929 and 7937 and attempted to eliminate the light plant from the provisions of those sections." Section 7937 of the statute is then quoted, and Section 7929 is discussed and an argument is made attempting to show the unsoundness of respondents' contention.

Under Proposition "VII," appellant said: "It was urged below that the work mentioned in Ordinance 9424 was not a public im-

provement *and did not fall under the jurisdiction of the Board of Public Works."* Cases are then cited and excerpts from cases are offered to refute respondents' alleged contention.

Proposition "VIII" is: "The ordinance and the contract with defendant Doherty provide for a present rate and furthermore provide for the automatic fixing of future rates at which electricity is to be furnished the city of St. Joseph and are manifestly an attempt to evade and nullify the police powers of the State of Missouri reserved by the Constitution as exercised in the statute providing for a Public Service Commission and prescribing its powers and jurisdiction." A formidable list of authorities is then appended, followed by several pages of argument in support of the proposition stated.

The entire brief appears to be such a brief as lawyers usually prepare for use in the trial court. Quoting from page 21 of the brief, the following appears: "c. It may be urged (and was urged at the argument below) that the second proposition contained in the ordinance was mere surplusage." The words in parentheses "and was urged at the argument below" seem to have been interpolated in revising the trial brief. At other places, the expression "it was argued below" or some similar expression have apparently been inserted in what otherwise has all the earmarks of a trial brief. A trial brief, though a good one and sufficient for the trial court, is not compliance with our Rule 15. If any complaint is made any where in the brief that error was committed by the trial court in any particular, it has escaped the very careful scrutiny of the writer. The brief and argument are brought to a close without even the usual prayer for reversal of the judgment below. No where do counsel express their dissatisfaction with the action of the trial court in any particular. Error is nowhere assigned to any action taken by the trial court.

It would be difficult for a brief, which otherwise appears to be a careful and painstaking treatment of the points of law involved in the case, to constitute a more complete failure to comply with Rule 15. We have occasionally found it necessary to impose the penalty provided by Rule 16 for the failure of appellants to comply with Rule 15. Respondents have cited the following cases, among others, which fully support their contention that this appeal should be dismissed, to-wit: Sullivan v. Holbrook, 211 Mo. 99, l. c. 102-105; Coe v. Greenley, 295 Mo. 664, l. c. 666; Automatic Sprinkler Co. v. Stephens, 306 Mo. 518, l. c. 525; Frick v. Millers National Insurance Co., 279 Mo. 156. The briefs held fatally defective in the Frick and Automatic Sprinkler cases were apparently so similar to appellant's brief in the case at bar that those two cases are of particular interest and value here.

Appellant's violation of Rule 15 is complete and flagrant and no good reason or excuse appears therefor. No suggestions in opposition to appellant's motion to dismiss are presented. Rule 15 should be enforced under the circumstances.

We need not consider respondents' other contention that the case is now moot and that the appeal should be dismissed for that reason. But, if it is a fact that the performance of the acts sought to be enjoined has already been accomplished (and the uncontradicted affidavit of the Mayor of St. Joseph so shows), then certainly the enforcement of Rule 15 in this case cannot possibly work any injustice to appellant or any of the class he has undertaken to represent.

For the reasons stated the appeal in this case is dismissed. All concur, except *Gantt, J.,* not sitting.