JOHN D. CAMPBELL v. THOMAS H. CAMPBELL, Appellant.—20 S. W. (2d) 655.

Division One, October 14, 1929.

1150

*E. C. Lockwood* for appellant.

*J. W. Sullinger* for respondent.

ATWOOD, P. J.—This is an equity proceeding in three counts. The first count alleges that on or about April 10, 1920, plaintiff and defendant, as the sole surviving children and heirs at law of Hannah Campbell, deceased, were the owners as tenants in common of an undivided one-third interest in three hundred and sixty acres of land in Gentry County, Missouri; that on said date plaintiff conveyed his interest therein to defendant in trust, the particulars of which transaction are set out in said petition; that said conveyance was wrongfully and fraudulently recorded in volume 150 at page 287 of the deed records of Gentry County, Missouri; that thereafter said land was partitioned and one hundred and twenty .acres thereof, representing the interest of plaintiff and defendant herein, were set apart to defendant upon his wrongful and fraudulent representation as to his interest therein; and the relief prayed is that plaintiff be adjudged to be the absolute owner in fee of an undivided half interest in said one hundred and twenty acres of land. The second count is to ascertain and determine the title of plaintiff and defend-

ant severally in and to said land. Partition of said land is sought in the third count.

Defendant filed answer admitting blood relationship of the parties hereto, the descent of title, and the interest and tenancy in common of plaintiff and defendant therein on April 10, 1920, as alleged in said petition; also admitting that on or about April 10, 1920, plaintiff conveyed his interest in all of said land to defendant by quitclaim deed recorded in volume 150 at page 287 of the deed records of Gentry County, Missouri; that defendant thereafter instituted a suit for partition in the Circuit Court of said Gentry County, and in due course judgment was entered therein setting off to defendant said one hundred and twenty acres of land; that defendant still holds the legal title thereto, and is in the exclusive possession thereof, claiming all title thereto; and said answer further denies each and every allegation of fact, matter and thing in plaintiff's petition except as in said answer specifically admitted.

Plaintiff filed reply denying each and every allegation of new matter set up as a defense in said answer. No declarations of law were requested or given. From a judgment in favor of plaintiff on each count of the petition defendant has appealed.

Appellant's brief contains neither assignment of errors nor "a statement, in numerical order, of the points relied on with citation of authorities thereunder," as required by our Rule 15. Under a heading entitled "Law Points" the following appears:

"The defenses relied upon by defendant (appellant), to defeat this action, are:

"I.
"*On the Pleadings.*

"a. That the allegations of the petition fall within the purview of the Statute of Frauds, and the evidence, to sustain them, must be in writing.

"b. That the petition declares upon an express trust, and the alleged agreement to hold in trust for plaintiff, to be valid, must be manifested by a writing.

"c. That the allegation that defendant perpetrated a fraud on plaintiff and on the court, by recording his deed and procuring a decree of partition of the land, is frivolous and duplicitous.

"*Of the Evidence.*

"a. That plaintiff produced no evidence sufficient to support the allegation of a relation of trust and confidence between him and defendant; or of the abuse by defendant of any trust or confidence reposed by plaintiff in defendant; or that his deed was induced by any trick or artifice practiced on him by defendant.

"b. That the court erred in refusing to permit defendant to cross-examine plaintiff for the purpose of showing that his motive in executing the deed was his knowledge of past family relations and his intention to carry out the known wishes of his mother, expressed in her lifetime. And that the court erred in admitting in evidence over the objections of defendant, plaintiff's Exhibits numbered 1, 2, 4, 5, 6 and 7, said exhibits being certain letters exchanged between the parties to the suit, written long after the transaction in question, as any promises made by defendant to plaintiff in those letters were conditional, voluntary, supported by no consideration, and were in no sense admissions by defendant that he held the land in trust for plaintiff.

"c. That the evidence offered by plaintiff to establish a trust in the land, held by defendant in favor of plaintiff, if admissible on any theory, was not only not so clear, unequivocal and convincing as to leave no doubt in the mind of a chancellor, but that the evidence, as a whole, preponderated in favor of defendant." It may be that the above heading and matter quoted were intended to serve the purpose of "Points and Authorities" generally found in a brief, but there is no "citation of authorities thereunder." Furthermore, no errors are "distinctly alleged" in paragraphs a, b and c. Such statements were held insufficient under our rule in, Automatic Sprinkler Co. v. Stephens, 306 Mo. 518, 525. The next paragraph, designated b, alleges two errors, and further on in the brief these propositions are restated with citation of authorities thereunder. Treating this as a substantial compliance with the rule, but in nowise relaxing the force of its provisions so essential to a proper dispatch of our business, we will consider the errors so alleged in the order presented.

Counsel for appellant first says that "the court erred in refusing to permit defendant to cross-examine plaintiff for the purpose of showing that his motive in executing the deed was his knowledge of past family relations and the intention to carry out the known wishes of his mother, expressed in her lifetime." This is similar to the assignment of error in Nevins v. Gilliland, 290 Mo. 293, 300, 301, which we condemned in the following terms:

"We are not referred to any part of the record where such rulings can be found, nor are any of the matters above mentioned set out in the brief. It is not the province of this court to search the record for matters of this character, but the duty devolves upon appellants to state in their assignment of errors or under their 'Points and Authorities,' the specific matters complained of, and to designate where such rulings can be found in the record." In the instant

case appellant has not favored us with citation of any specific instance of rejected offers of proof, which fact alone entitles us to ignore the alleged error. However, we have examined the record and it appears that counsel for defendant was given unusual latitude in his cross-examination of plaintiff, and the court's rulings with reference thereto do not constitute reversible error in this case.

Counsel· for appellant also says "the court erred in admitting in evidence over the objections of defendant, plaintiff's exhibits numbered 1, 2, 4, 5, 6 and 7, said exhibits being certain letters exchanged between the parties to the suit, written long after the transaction in question, as any promises made by defendant to plaintiff in these letters, were conditional, voluntary, supported by no consideration, and were in no sense admissions by defendant that he held the land in trust for plaintiff." The record fails to disclose any objection to the introduction in evidence of plaintiff's exhibits numbered 1, 4 and 5 or that an exhibit numbered 7 was ever offered in evidence. Plaintiff's exhibit 2 was a letter from him to defendant's counsel indicating his version of the circumstances under which the deed was delivered to defendant and suggesting an agreement in writing to avoid future misunderstanding, which was in repy to counsel's letter written to him and previously introduced in evidence as plaintiff's exhibit 1. Upon objection that plaintiff's exhibit 2 was self-serving, written long after the transaction and not connected with it in any way, it was at first excluded and later admitted, it having been shown that the proposition was forwarded to defendant. We think this letter is not open to the objections now urged. Plaintiff's exhibit 6 was a letter written by defendant to plaintiff under date of May 26, 1921, obviously relating to the deed in question and containing expressions which might well be construed as admissions against interest. The objection made at the trial was that no proper foundation had been laid for its admission in evidence, but no such objection is made here. In his brief in support of the objections here urged against these exhibits counsel for appellant says: "These letters were not even offers of compromise." This may be conceded. They were offered and we think properly admitted as admissions against interest, and yet the only authorities cited are those holding that offers of compromise are not admissible in evidence. Such cases are not applicable to the question at issue. This allegation of error should be ruled against appellant.

The last paragraph designated c, in appellant's "Law Points" above set forth, is:

"c. That the evidence offered by plaintiff to establish a trust in the land, held by defendant in favor of plaintiff, if admissible on any theory, was not only not so clear, unequivocal and convincing as to leave no doubt in the mind of a chancellor, but that the evidence, as a whole, preponderated in favor of defendant."

This is quite as general as the objection frequently appearing, as in this case, in the motion for a new trial to the effect that the judgment is "against the evidence," which we have repeatedly condemned as an insufficient assignment of error. [Bond v. Williams, 279 Mo. 215, 227; Matthews v. Karnes, 9 S. W. (2d) 631.] Furthermore, in appellant's brief we are not favored with any specific reference to or discussion of the evidence. The only paragraph even remotely related to this "law point" merely states an abstract proposition of law with supporting authorities, without any showing of applicability to this case. Such abstract treatment is not a sufficient preservation of an assignment of error even when properly made in the first instance. Notwithstanding these omissions on the part of appellant we have carefully read the record and are satisfied that the proof was sufficiently clear and convincing to support the chancellor's finding and judgment.

No reversible error appearing in the assignments properly before us, the judgment is affirmed. All concur.