J. B. HICKS, Appellant, v. FORSYTH ELECTRIC and WATER COMPANY, a Corporation, CHAS. H. GROOM, S. W. BOSWELL and J. C. ROOT. —50 S. W. (2d) 1045.

Division One, June 13, 1932.

*Sharp & Blunk* for appellant.

*Chas. H. Groom* and *Gideon & Ingenthron* for respondent.

RAGLAND, J.—This is an action at law by a non-consenting stockholder of a corporation to recover the market value of his share of stock from the corporation, it having sold all of its property and assets thereby disabling itself from the further prosecution of the business for which it was incorporated. A demurrer to the petition was sustained, and plaintiff declining to plead further, judgment was entered thereon. From such judgment he prosecutes this appeal.

The petition was as follows:

"Plaintiff states that the Forsyth Electric and Water Company, is and was at all the times hereinafter mentioned a corporation duly organized and existing under the laws of the State of Missouri, and is and was engaged in the business of purchasing and distributing

electric energy for the purpose of furnishing lights and power to the inhabitants of the town of Forsyth, in Taney County, Missouri, and in the vicinity of said town; and that defendants Chas. H. Groom, S. W. Boswell and J. C. Root, and this plaintiff together with W. E. Freeland are now and were at all times complained of in this bill the duly elected, qualified and acting board of directors of said defendant·corporation, Forsyth Electric and Water Company, and had full control and management of all its business affairs, and that the chief office and place of business of said defendant is located in the town of Forsyth, Taney County, Missouri.

"For cause of action plaintiff says that under and by virtue of its charter powers the defendant, Forsyth Electric and Water Company, issued its corporate stock in the sum of $3,625, divided into 145 shares of stock of the par value of $25 each, and that all of said shares of stock were sold and the proceeds therefrom was used for the purpose of erecting poles, transmission lines, service lines, transformers and other things necessary to be used by said corporation in the buying and distributing of the electric energy by said corporation as aforesaid.

"Plaintiff further states that he had purchased and was and is now the owner of 32 shares of said stock in said Forsyth Electric and Water Company, and was at all the times hereinafter mentioned and now is the owner thereof.

"Plaintiff further states that said Forsyth Electric and Water Company was very successful in business and earned considerable money and paid large dividends and said shares of and that the stock of said corporation greatly increased in value and were on the 8th day of July, 1927, of the market value of fifty dollars ($50) each.

"Plaintiff further states that on or about the 8th day of July, 1927, defendants, Chas. H. Groom, S. W. Boswell, and J. C. Root, together with W. E. Freeland, in reckless disregard of their duties as directors of said Forsyth Electric and Water Company, and of the rights of the minority shareholders thereof and especially this plaintiff, and without any corporate or legal authority so to do, called a meeting of the stockholders of said corporation for the purpose of voting to sell all the physical property of said corporation, consisting of its transmission lines, service lines, poles, transformers and all other physical property belonging to said corporation and used in its business as such corporation to the Taney Light and Water Company, a corporation. over the protest of this plaintiff made at the time. . . . Said shareholders . . . did vote to sell all of said physical property of the defendant, Forsyth Electric and Water Company, to the aforesaid Taney Light and Water Company and that on July 8, 1927, all said property was· sold to Taney Light and Water Company for

the price and sum of Four Thousand ($4,000) Dollars, or $27.58 per share, when in truth and fact said property was of the actual cash value of $7,250 or $50 per share.

"Plaintiff further states that the sale of all the physical property of said defendant corporation, Forsyth Electric and Water Company, was made under and by virtue of the powers supposed to be conferred upon the majority stockholders by the ACTS OF THE FIFTY-FOURTH GENERAL ASSEMBLY, LAWS OF MISSOURI, 1927, pages 386 and 387, Sections 1 and 2, plaintiffs says that said acts of the Fifty-Fourth General Assembly of Missouri, pages 386 and 387, sections 1 and 2, entitled an act authorizing any corporation to sell or otherwise dispose of its assets and prescribing procedure therefor is unconstitutional and void the same being in conflict with Section 15, Article 2 of the Constitution of the State of Missouri, prohibiting the General Assembly from passing any law impairing the obligation of contracts or retrospective in its operation; that said Act is unconstitutional for the further reason that it is contrary to Section 10, Article 2 of the Constitution of the State of Missouri, in that it deprives this plaintiff of his day in court and the right to have a judicial determination of his interests in the matter in controversy.

"Plaintiff further states that by reason of the unlawful action of the majority stockholders of said Forsyth Electric and Water Company in selling all the physical property of said corporation that his shares of stock in said corporation have become worthless and that he has been damaged in the sum of Sixteen Hundred ($1,600) Dollars, which was the value of his stock in said corporation at the date of said unlawful sale of all said physical property of said corporation.

"Wherefore, Plaintiff prays judgment against said defendant for the sum of Sixteen Hundred ($1,600) Dollars, etc."

The defendants filed a joint demurrer as follows:

"Come now the defendants in the above entitled cause and demur to the petition of the plaintiff herein and for grounds of demurrer say that it appears upon the face of said petition that it does not state facts sufficient to constitute a cause of action.

"(2) That plaintiff's cause of action, if any he has, accrued more than sixty days before the commencement of this suit, and has become completely barred by Statutes of Limitation as provided in Laws of Missouri, 1927, pages 386 and 387.

"Wherefore defendants pray to be discharged with their costs."

From the allegations of the petition it is plain that on the 8th day of July, 1927, the Forsyth Electric and Water Company was not only solvent, but was a going concern, doing a prosperous business and paying large dividends to its shareholders. ■ Notwithstanding, its directors on that date, with the consent of a majority of its

stockholders, but against the protest of the plaintiff, sold all of its physical property. By so doing they effected for all practical purposes a dissolution of the corporation. ■ These facts, unless a minority stockholder's rights in such circumstances are modified and limited by the Act of 1927, referred to in the petition, clearly give rise to a cause of action in plaintiff's favor.

"The legal proposition which lies at the foundation of the plaintiffs' case is that by the implied contract between themselves, the corporation, and the other stockholders, arising out of the relation of corporation and stockholders, the property of the corporation was to be used to carry on the business for which it was created, and that it was not lawful for the board of directors, without the unanimous consent of the stockholders, to sell all of its property, and thereby render it incapable of doing business. . . . When the majority of stockholders, against the will of the minority, sell all of the property of the corporation, and thereby work a practical dissolution of it, the minority stockholders are not bound to take in payment for their stock a pro-rata share of the proceeds of the sale, or, in substitution therefor, the stock of another corporation, but, at their election, may have out of the proceeds of the sale, whether it be money or other property, the market value of their stock of the date of the sale, or their proportional share of the proceeds." [Tanner v. Lindell Railway Co., 180 Mo. 1, 16, 21, 79 S. W. 155.] [See, also, Feld v. Roanoke Invest. Co., 123 Mo. 603, 27 S. W. 635; Luehrmann v. Lincoln Trust & Title Co., 192 S. W. 1026; Newell v. Wagner Elec. Mfg. Co., 318 Mo. 1031, 4 S. W. (2d) 1072.]

■ The Act of 1927 (Laws 1927, p. 386) consists of two sections, which appear in the Revision of 1929 as Sections 4567 and 4568. Section 1 of the act confers upon a corporation the right to sell or otherwise dispose of its assets whenever three-fourths of all the voting stock of the corporation shall be voted therefor at a stockholders' meeting duly called for that purpose. Section 2 provides that any stockholder not voting in favor of selling or otherwise disposing of the corporation's assets shall, at the meeting or within thirty days thereafter, file with the secretary of the corporation his written objection to selling or otherwise disposing of the assets, and, within the same time, also file a written demand for the payment of the value of his shares of stock. It further provides that any time within sixty days after the stockholders' meeting the dissenting stockholder may apply to the circuit court in the county where the corporation has its general office for the appointment of appraisers to value his shares of stock; that the appraisers so appointed shall make three copies of their findings and deliver one to the judge of the circuit court, one to the corporation and one to the dissenting stockholder; and that upon the payment of the corporation of the amount of such appraisal to such stock-

844

holder, the latter shall cease to have any interest in such shares of stock or in the property of the corporation.

The act just described went into effect July 3, 1927. The petition does not state in express terms that the Forsyth Electric and Water Company was an existing corporation at the time the act became a law, but that fact is necessarily implied from other allegations.

■ If the act changes or *alters in any* respect the rights arising from the implied contract between a corporation and its stockholders, or between the stockholders *inter sese*, as they have heretofore existed, it must, under well known rules of construction, be held to be prospective only in its operation. [Cranor v. School District, 151 Mo. 119, 52 S. W. 232; Supreme Council Royal Arcanum v. Heitzman, 140 Mo. App. 105, 111, 120 S. W. 628.] If therefore it was intended to effect a change in the contract rights just mentioned, it is without application to those existing at the time it became effective as a law.

It is not necessary for the purposes of this case to further construe the act, except to say that it does not purport to place a limitation upon the time in which actions such as this may be brought, as suggested in the second ground of the demurrer; Section 2 merely limits the times within which certain things must be done in order to conform to the special proceeding for which it provides.

For the reasons herein indicated the circuit court was in error in sustaining the demurrer to the petition. Its judgment is reversed and the cause remanded. All concur.