HARRY C. BROWN, Appellant, v. CITIZENS' STATE BANK, a Corporation, TRENTON TRUST COMPANY, a Corporation, TRENTON NATIONAL BANK, a Corporation, BANK OF BRIMSON, a Corporation, DROVERS' & MERCHANTS' BANK OF ST. JOSEPH, a Corporation, FIRST NATIONAL BANK OF ST. LOUIS, a Corporation, FARMERS' BANK OF TRENTON, a Corporation, DON C. MCVAY, BEATRICE BOWNE MCVAY, JOSEPH S. NEFF, GUY A. THOMPSON, NANCY E. MARTIN, M. M. HAWLEY, E. G. KATHAN, and W. O. GARVIN.— 134 S. W. (2d) 116.

Division One, December 13, 1939.

*Chas. A. Miller* and *Henry R. Gannan* for appellant.

*Ernest Hubbell, Platt Hubbell, Geo. H. Hubbell* and *Carter & Jones* for Citizens State Bank and others.

*H. J. Bain* and *Thomas J. Layson* for Trenton Trust Company and others; *A. L. Guitar* for Drovers' & Merchants' Bank; *L. A. Warden* for M. M. Hawley.

DALTON, C.—This is an action in equity to quiet title to certain real estate, secure an accounting for rents and profits and for partition. In his amended petition plaintiff claims an interest (less than a 1/25 interest) in several thousand acres of particularly described real estate located in three different counties in this state, and plaintiff seeks by this proceeding to establish said interest in the real estate described. Suit was instituted May 15, 1931, and on January 5, 1938, the trial court sustained a demurrer to plaintiff's first amended petition. Plaintiff declined to plead further and a judgment was entered dismissing the cause and costs taxed against him. Plaintiff has appealed.

Respondents insist that this appeal should be dismissed because of appellant's failure to comply with our Rule 15. It is contended, first that appellant has failed to make a fair and concise statement of the facts in the case.

The statement of appellant in his brief is as follows: "This is an action to determine the right, title and interest of appellant as assignee of Dee Brown, a stockholder of Grundy Land Company, a corporation, to certain lands situate in the counties of Grundy, Harrison and Livingston in the State of Missouri, said assignor Dee Brown being a beneficiary stockholder of said corporation. . . . A demurrer filed by part of the defendants was sustained by the trial court."

As to the facts alleged in the petition appellant says, "briefly they may be stated as follows: That on or about September 7, 1921, Columbus D. Thompson was the owner of much land, and was indebted to defendants and this appellant's assignor in the amounts set out in the first amended petition; that at said time a certain declaration of trust was executed for and in behalf of all the parties to this action; that thereafter on the 16th day of October, 1922, the defendants, their representatives and Dee Brown, assignor of plaintiff herein, entered into an agreement in writing for the purpose of the formation of a corporation under the laws of Missouri for the purpose of purchasing the said lands so held in trust and to liquidate the indebtedness of Columbus D. Thompson and to pay the stockholder-beneficiaries according to the terms of the declaration of trust. That pursuant to the agreement aforesaid a corporation by the name of Grundy Land Company was formed and created for the purpose therein stated. That the beneficiaries of the trust became the stockholders of the corporation. That thereafter the Grundy Land Company, a corporation, by certain stockholders, parcelled out certain lands to themselves; that the rightful distribution of the lands, title, interest and assets of the corporation is the action which this petition presents."

With reference to the relief asked, appellant says, "The plaintiff asks that the right, title and interest of appellant be determined and that said right, title and interest and estate therein and thereto be, by the order, judgment and decree divested out of defendants and vested in plaintiff, assignee, and that partition be had among the parties accordingly; that the lands be sold and proper distribution made to the respective parties according to their interests; that by order, judgment and decree a lien in favor of plaintiff be declared in certain lands and for rents and profits collected by defendants and for such other orders, judgments and decrees as may be appropriate in the premises."

To appellant's statement of facts, we must add that the plaintiff's first amended petition alleged that on September 7, 1921, Columbus D. Thompson conveyed the real estate described to one A. G. Knight in trust to secure the payment of certain specified claims, in the total sum of approximately $150,000, to certain creditors; that said real estate was "subject to certain liens;" that thereafter, in 1922, by agreement of all of said creditors, a corporation, known as the

Grundy Land Company, was formed for the purpose of purchasing the real estate held by the trustee and for the purpose of selling the same to liquidate the indebtedness of said Thompson to said creditors; that the capital stock of said Grundy Land Company was divided into 1599 7/100 shares distributed among said creditors in accordance with their respective claims; that 62 32/100 shares were owned by plaintiff's assignor (one Dee Brown) and the remaining shares of capital stock were held by the other creditors, the particular number of shares held by each creditor or for each creditor being alleged; that all of the claims of said creditors against the said Columbus D. Thompson were then assigned to the Grundy Land Company and when the said real estate was sold by the trustee it was purchased by the Grundy Land Company, with no expenditure of money other than the payment of the expense of the sales and the cost of the administration of the trust; and that the trustee received no other funds from the sale of the lands.

Said petition further alleged that during 1926 and 1928 the Grundy Land Company made conveyances of particularly described tracts of its said real estate to certain named persons, said grantees being the parties named as incorporators and stockholders of the Grundy Land Company and creditors of Columbus D. Thompson; that by said deeds the corporation conveyed all of the real estate conveyed to it by A. G. Knight, as trustee, except one tract; that said corporation further offered to convey said tract to Dee Brown, plaintiff's assignor, subject to a certain lien, and upon the condition that the said Dee Brown would execute a promissory note for $3000 to said corporation and secure the same by a deed of trust upon said real estate; that by reason of said facts the title offered Dee Brown was of no value and that the corporation at no time offered him anything of value.

It is further alleged as follows: ''That by said conveyances made by the said Grundy Land Company to the defendants, as aforesaid, the said Grundy Land Company rendered itself insolvent; that the said conveyances made by the said Grundy Land Company to the defendants . . . constituted a fraud upon the said Dee Brown's rights as a stockholder of the said Grundy Land Company; that neither the said Dee Brown nor his assignee Harry C. Brown, plaintiff herein, have received any property whatsoever of any kind or character from the said Grundy Land Company; that the lands conveyed as aforesaid by said Grundy Land Company to the defendants herein were accepted by them and by each and all of them as being in full and complete discharge of all of their rights against said Grundy Land Company as the holder of the legal title for the benefit of all of the shareholders of said Grundy Land Company . . . that said Grundy Land Company, by conveyances aforesaid, exhausted its entire assets for the benefit of all of its shareholders except

Dee Brown, whereas said Dee Brown was entitled to participate in such distribution of such assets as to consist of fractional 389/10,-000ths part thereof, and, accordingly, the defendants and all and each and every one of them now hold title to the lands conveyed to them, hereinabove described, as trustee for the benefit of said Harry C. Brown to the extent of 389/10,000ths interest therein, for on the fourteenth day of May, 1931, the said Dee Brown made, executed, and delivered to the said Harry C. Brown, plaintiff herein, an instrument in writing, whereby the said Dee Brown conveyed to the said Harry C. Brown all his rights as a creditor of the said Columbus D. Thompson, all his rights as a beneficiary of the trust created by the said Columbus D. Thompson, as aforesaid, for the benefit of the said Dee Brown and other creditors, all his rights as a stockholder in the said Grundy Land Company, and all his rights against the defendants herein, and all his rights in and to the real estate hereinbefore described.''

The demurrer, filed by certain defendants, charged that the amended petition failed to state facts sufficient to constitute a cause of action against any of the defendants; that it showed on its face that plaintiff was entitled to no equitable relief, but had an adequate remedy at law; and that plaintiff and his assignor had been guilty of laches sufficient to bar any cause of action.

We think it is apparent that appellant's statement of facts, as hereinbefore set out, unaided by the further statement we have made, was inadequate. The statement fails to set forth some of the essential facts upon which the appellant, in his petition, bases his claim to an interest in the real estate described. In lieu thereof, appellant says that ''this court may ascertain the facts from a reading of the petition.''

Respondents further contend that the appellant's assignment of error is too general; that appellant has failed to distinctly allege any error committed by the trial court; that there is no statement of the points relied on, and that, under points and authorities and in argument, appellant has merely stated abstract propositions of law without attempting to apply the authorities to points in the case. Respondents rely upon the following cases: Majors v. Malone, 339 Mo. 1118, 100 S. W. (2d) 300; Lampson v. New Cole County Bldg. & Loan Assn., 341 Mo. 168, 106 S. W. (2d) 911; Clay v. Owen, 338 Mo. 1061, 93 S. W. (2d) 914; Campbell v. Campbell, 323 Mo. 1149, 20 S. W. (2d) 655; Hunt v. Hunt, 307 Mo. 375, 270 S. W. 365; Stroker v. City of St. Joseph, 316 Mo. 1090, 292 S. W. 1031.

The only error assigned is the ''sustaining of the demurrer,'' and, under points and authorities, the appellant, for the most part, has merely stated abstract propositions of law without attempting to apply these propositions to the facts alleged in the petition. Appellant's brief presents the following propositions: (1) Since the pe-

tition states that the transfer of the lands by the corporation was fraudulent, minority stockholder Brown is entitled to relief in equity. [Bates v. Werries, 198 Mo. App. 209, 199 S. W. 758, 761; 14 C. J. 850, sec. 1292.] (2) When the ultimate facts set forth are sufficient to constitute a cause of action, the character of the action is determined by the relief sought. [Wollums v. Mutual Benefit Health & Accident Association, 226 Mo. App. 647, 46 S. W. (2d) 259, 264; State ex rel. Cockrum v. Southern, 229 Mo. App. 249, 83 S. W. (2d) 162, 164.] (3) Corporate officers are trustees for benefit of all stockholders. [Ervin v. Oregon River & Navigation Company, 27 Fed. 625; Southern Pacific Co. v. Bogert, 39 Sup. Ct. 533, 250 U. S. 483.] (4) Equity will protect a beneficiary against a breach of duty by a trustee. [Nave-McCord Mercantile Co. v. Ranney, 29 Fed. (2d) 383.] (5) Equity will not permit the majority stockholders to enrich themselves against the interest of the minority. [Calloway Bank v. Ellis, 215 Mo. App. 72, 238 S. W. 844, 847, cited in reply brief.] Little or no attempt was made, even in argument, to apply said legal propositions to the facts of this case.

We might properly dismiss this appeal for failure to comply with our said Rule 15 upon the grounds that the statement of facts is insufficient and there is no proper statement of the points relied on (Majors v. Malone, supra), but we have reviewed this record carefully and prefer to pass upon the merits of this appeal. It presents only one main issue and that is whether or not the demurrer was properly ruled. A consideration of that issue necessarily requires a careful consideration of the detailed allegations of the petition itself rather than a statement about them. The request to dismiss the appeal is refused.

Appellant's position is that the amended petition states facts sufficient to constitute a cause of action in equity for the protection of a minority stockholder of a corporation against alleged acts of the majority stockholders, resulting in the enrichment of said majority stockholders out of the assets of the corporation. One of the three paragraphs of the printed argument in appellant's brief states his position as follows: ''Acts of defendants in receiving by conveyance the assets of the Grundy Land Company, a corporation, without the consent of plaintiff amounted to a complete disposition of the corporate assets and was done under circumstances that amounted to fraud and a breach of trust as against the plaintiff's rights as a minority stockholder.''

However, it is apparent from the allegations of the petition that plaintiff complains of acts of the corporation and not of any concerted acts by the holders of the majority of the corporation's stock. The petition states that during 1926 and 1928 the corporation conveyed one tract after another of its real estate to the different individual or corporate defendants; that the particular defendants to whom partic-

ular tracts of its real estate were conveyed, accepted the real estate "in full and complete discharge of all of their rights against the Grundy Land Company . . . and . . . as being in full and complete discharge of all of their claims as creditors of the said Columbus D. Thompson and as beneficiaries of the trust created by the conveyance of Columbus D. Thompson on September 7, 1921." In other words, the petition alleges that the corporation settled with one after another of the said defendants, conveying real estate in exchange for the release of their rights against it and of their claims against Columbus D. Thompson and said trust conveyance until the corporation had exhausted all of its assets, except the one tract of land offered to Dee Brown, and that said tract was later lost by foreclosure.

The petition alleges that, when the Grundy Land Company was organized, the several defendants held stock in the corporation, or that it was held by others for them, but there is no allegation that the individual stockholders who received conveyances from the corporation acted in concert or by agreement or combined their holdings of stock so as to constitute a group holding the majority of the capital stock of the corporation. No conspiracy by defendants to defraud plaintiff or his assignor is charged. There is no allegation that the defendants or any of them, as majority stockholders or otherwise, influenced, controlled or directed the action of the Grundy Land Company in making the various conveyances to the various individual stockholders. There is no allegation that the defendants, by reason of the fact that they, in the aggregate, owned a majority of the corporation stock, voted that stock to authorize or approve any conveyance of real estate. There is no allegation that any stockholder, who received a conveyance of real estate, consented to the corporation's conveyance of real estate to any other stockholder. Plaintiff particularly alleges that Dee Brown did not consent or acquiesce in said conveyances. The petition says nothing about the value of the real estate conveyed to any one stockholder, or about the total value of the real estate conveyed to stockholders who received conveyances. For all that appears in the petition the real estate conveyed to the respective stockholders, defendants here, may have been subject to such liens that it was equally as worthless as the real estate offered to Dee Brown. There are no allegations of fact showing that any stockholder received an unjust portion of the corporation assets or that the offer made to Dee Brown was unfair by comparison with others. A reading of the petition, however, does leave an inference, not based on allegations of fact, that the other stockholders, by the acts of the corporation, received an unjust share of the corporation's assets.

The petition shows that plaintiff complains of the ultimate result of the acts of the corporation in dealing with one after another of

its individual stockholders, until it had settled with all of its stockholders except Dee Brown. The complaint is not so much of the particular conveyances to various individual stockholders as of the cumulative effect of such conveyances over a period of years. The petition does not allege that Dee Brown protested against any of the conveyances or that he was damaged or suffered loss by reason thereof or that the acts of the corporation in making the particular conveyances to stockholders were unknown to him at the time.

We take judicial notice of the fact that, under the laws of this state, the property and business of a corporation is controlled and managed by its board of directors. [Sec. 4941, R. S. 1929 (Mo. Stat. Ann., sec. 4941, p. 2259).] There is no suggestion that the board of directors of the corporation or any of its officers acted fraudulently or without authority in making any of the conveyances. No facts are alleged to show that any of the conveyances were made without consideration or for the purpose of defrauding any stockholder or for any purpose other than the settlements mentioned in the petition. The petition alleges that as a result of all of the said conveyances the corporation rendered itself insolvent, and that said conveyances constituted a fraud on Dee Brown's rights as a stockholder. The particular number of conveyances necessary to produce insolvency is not stated. The act of each particular stockholder in accepting the particular conveyances made to him, so far as the allegations of the petition are concerned, was not the act of a group of persons holding the majority of the capital stock of the corporation, but was the act of a minority stockholder, since, according to the petition, no one of the defendant stockholders who received a conveyance held more than a small part of the total capital stock.

It appears from the allegations of the petition that plaintiff's assignor owned less than four per cent of the capital stock of the Grundy Land Company. Its value is not alleged, neither is there an allegation that it had any value. There is no allegation that this stock was assigned to plaintiff. Plaintiff claims that the assignment gave him the beneficial interest in said stock owned by Dee Brown; that by reason of the said conveyances plaintiff has an interest in each of the tracts of real estate previously owned by the Grundy Land Company; and that a court of equity should recognize and protect his interest. Without any statement of ultimate facts from which the inference may be drawn, the plaintiff concludes that, "the defendants and all and each and every one of them now hold title to the lands conveyed to them hereinabove described as trustee for the benefit of said Harry C. Brown to the extent of 389/10,000ths interest therein." In other words, plaintiff claims an interest in each of the tracts described, although each defendant is interested only in the particular tract or tracts conveyed to him or it. The value of such interest, if any, is not alleged.

The Grundy Land Company, the grantor in all of the conveyances, was not made a party defendant in this case and no reasons are assigned in the petition for not having made it a party. In his brief plaintiff says: "The petition states that the transfer of the lands by the corporation was fraudulent." The petition does state that conclusion, but it does not charge that the defendants, or any of them, knew of, acquiesced in, or consented to any fraud on the part of the corporation. Plaintiff's conclusion that the said conveyances by the corporation constituted "a fraud upon plaintiff's assignor's rights as a stockholder of the said Grundy Land Company" was not a sufficient allegation of fact to charge that defendants as majority stockholders had defrauded Dee Brown, a minority stockholder.

The petition states no facts showing that plaintiff's legal remedies are inadequate. If the appellant has suffered an actionable wrong resulting in damage to him, or has been deprived of the value of his stock in the Grundy Land Company or of the value of his undivided interest in the corporate assets, by the wrongful acts of the defendants, the appellant has an adequate remedy at law. He may upon proper allegations and sufficient proof recover compensatory damages in a proceeding at law. [Hicks v. Forsythe Electric & Water Co., 330 Mo. 839, 50 S. W. (2d) 1045; Tanner et al. v. Lindell Ry. Co. et al., 180 Mo. 1, 25, 79 S. W. 155, 103 Am. St. Rep. 534; Newell v. Wagner Electric Mfg. Co., 318 Mo. 1031, 4 S. W. (2d) 1072, 1082; Cummings v. Parker et al., 250 Mo. 427, 157 S. W. 629; Johnson v. United Rys. Co. 227 Mo. 423, 127 S. W. 63.] Among the defendants are seven banking institutions and there is no suggestion that any of the defendants are insolvent.

In view of the allegations of the petition, the authorities cited by appellant, do not sustain his position. In the case of Bates v. Werries, 198 Mo. App. 209, 199 S. W. 758, 761, the plaintiffs were certain minority stockholders in a corporation and charged that the defendants, constituting a majority of the board of directors and holding a majority of its capital stock, conspired together to control the management of the corporation and to gather to themselves an undue portion of its profits. The petition alleged that the defendants, acting together for their own personal benefit, had abused their trust as directors and as officers of the corporation and had grossly mismanaged its business and affairs, "to the great loss and irreparable injury of the corporation and plaintiffs." It was alleged that one defendant was wholly insolvent and that the solvency of the other defendants was doubtful and uncertain. The court, in approving the granting of relief in that case stated: "It is true, courts of equity will not interfere to settle mere quarrels and differences of opinion between stockholders as to the manner in which a corporation should be managed. And in the conduct of a corporation's internal affairs the principle that the majority must rule is rigidly upheld in equity

in the absence of fraud, oppression, etc. [4 Thompson on Corp., sec. 4533.] Nor should a court of equity interfere in doubtful cases where the action of the majority may be susceptible of different constructions; but, where such action is so wholly opposed to the interests of the corporation and the minority stockholders that the conduct of the majority amounts to a wanton or fraudulent destruction of the rights of the minority, a court of equity will take cognizance of the matter at the suit of the minority. [Gamble v. Queens County Water Co., 123 N. Y. 91, 25 N. E. 201, 9 L. R. A. 527.] It is also true that such minority, in imploring the aid of equity, must show that it is otherwise remediless. [Vogeler v. Punch, 205 Mo. 558, 575, 103 S. W. 1001.]''

It is unnecessary to review the other authorities cited by appellant. It is sufficient to say that the first amended petition wholly fails to state facts sufficient to constitute a cause of action in equity within the rules stated by any of the authorities cited by appellant.

We hold that the said petition fails to state facts sufficient to constitute a cause of action against the defendants or any of them; and that plaintiff, upon the facts alleged, is not entitled to any relief in equity.

The demurrer was correctly ruled and the judgment is affirmed. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.