VOL. 115, APRIL TERM, 1893.            613

The Planet Property and Financial Co. v. St. L., O. H. & C. Ry. Co.

THE PLANET PROPERTY AND FINANCIAL COMPANY, *Appellant*, v. THE ST. LOUIS, OAK HILL AND CARONDELET RAILWAY COMPANY.

!115  613|
.131  147|
115  613|
f163  679|
115    613|
e101a²405|

Division Two, May 16, 1893.

1. **Pleading**: EVIDENCE. Mere matters of evidence under the code should not be pleaded.

2. **Injunction**: ADEQUATE REMEDY AT LAW: RAILROAD. Plaintiff company, claiming the ownership of city property on both sides of the highway and the fee in the latter, asked for an injunction to restrain the defendant railway company from operating its road across the highway through a cut below the surface on the ground that the city ordinance authorizing the construction of the railroad required that the highway crossing should be made on grade. *Held*, that the plaintiff had a complete and adequate remedy at law, and that a demurrer to the petition was properly sustained.

3. ———: ———: ———: ESTOPPEL. The evidence showing that plaintiff stood by and permitted the construction of the road without taking any steps to prevent it, further than informing defendant of its objections, an injunction will not be granted to restrain the operation of the railway.

*Appeal from the St. Louis City Circuit Court.*

AFFIRMED.

*Thomas J. Rowe*, for appellant.

·(1) All the allegations of the petition are admitted by the demurrer, and if a cause of action can be gleaned therefrom the circuit court erred in sustaining the demurrer. The petition states a good cause of action. *Railroad v. Schaubacher*, 57 Mo., 583; *Julia Building Ass'n v. Telephone Co.*, 88 Mo. 262. (2) The owner in fee of land abutting on a street is also the owner in fee to the center of the street subject to an easement in the public therein. 88 Mo. 267. Such being the law, plaintiff herein was owner in fee of all that portion of the Old Manchester Road which runs

through his land, subject to the easement of the public to use same for a street. Therefore defendant had no right to take same until plaintiff was paid just compensation therefor. *Sheehy v. Railroad*, 94 Mo. 577; *Werth v. Springfield*, 78 Mo. 107; *Lackland v. Railroad*, 31 Mo. 181; *Householder v. City of Kansas*, 83 Mo. 488; *Cross v. Railroad*, 77 Mo. 318; *Rude v. St. Louis*, 93 Mo. 412. (3) By the city charter the mayor and municipal assembly of the city of St. Louis has exclusive control of the streets in the city. See St. Louis City Charter, art. 3, sec. 26, subdivisions 2 and 11. *Ibid.*, art. 6, sec. 19. (4) The petition shows that defendant's wrongdoings are a continuing nuisance by which it is especially injured. Such wrongs are redressed by injunction. *Railroad v. Railroad*, 97 Mo. 467.

*H. S. Priest* and *H. G. Herbel* for respondents.

(1) The averment that plaintiff was owner in fee of the ground occupied by the Old Manchester Road is but the averment of a legal conclusion. *State, etc., v. Chase*, 42 Mo. 349; see also *Higgins v. Railroad*, 16 S. W. Rep. 409; *Car Co. v. Railroad*, 115 U. S. 596. (2) The ordinance does not pretend to fix the grade of defendant's road at the Old Manchester Road, but only at King's Highway. (3) The crossing of the Old Manchester Road by defendant's railroad is a public use to which a street or highway may properly be subjected. (4) The city may do with its streets as it sees proper, so long as the use to which it is put is germane to its character. (5) The dedication of a street does not limit its use to the surface only. *Julia Building Ass'n v. Telephone Co.*, 88 Mo. 258; *City v. Railroad*, 19 S. W. Rep. 18. (6) As plaintiff alleges that a cut of twenty feet in depth was necessary to build

the road on the grade it was built, it must be presumed that it was compensated in the condemnation suit for the change resulting from such a cut, as this court has repeatedly ruled that such injuries are a proper element of damage in this class of cases, (*Railroad v. Story*, 96 Mo. 622), and, as a matter of experience we have yet to hear of an instance in which a property owner has suffered such an injury without making it the basis of a heavy claim for damages, and such claims are invariably allowed. (7) It has been repeatedly held by this court that an injunction will not be granted an abutting land owner to restrain the use of a street by others who have been authorized by the municipal authorities to use it for purposes not inconsistent with street uses. *Belcher Sug. Ref. Co. v. Grain Elev. Co.*, 101 Mo. 209; *Julia Bldg. Ass'n v. Tel. Co.*, 88 Mo. 258; *Van De Vere v. Kansas City*, 107 Mo. 91; *Railroad v. Railroad*, 97 Mo. 472; *Hovelman v. Railroad*, 79 Mo. 632.

BURGESS, J.—This is a proceeding by injunction instituted on September 23, 1890. The petition is substantially as follows:

"In the summer of 1886 the defendant, being desirous of constructing a railroad in the city of St. Louis, obtained permission from the municipal assembly of said city to cross certain streets intersected by its proposed route as evidenced by the following ordinance approved June 15, 1886:

"'(13,657.)

"'An ordinance authorizing the St. Louis, Oak Hill and Carondelet Railway Company to lay down and maintain railway tracks across and upon certain streets, avenues, roads and public places in the city of St. Louis.

" 'Be it ordained by the municipal assembly of the city of St. Louis as follows:

" 'Section 2. The course of the line of said railway shall be west of the Old Manchester road, crossing the same at or near the intersection of Cooper street, Arsenal street east of. Brannan avenue, Morgan Ford road north of Pernord road, Gravois road at or near the intersection of Bingham avenue, and Bates street at or near the Glaise Creek bridge. Both crossings of King's Highway shall be over said road upon good and substantial viaducts to be erected by the said company at its own cost and expense, at a sufficient height, not less than fourteen feet in the clear over the grade of said road so as not to prevent interference with the general traffic underneath. The crossings of Arsenal street, Morgan Ford road, and Loughborough avenue, shall be underneath said highways, all of which shall be carried over the tracks of said railway upon good substantial bridges, tunnels or arches. The plans and specifications of such viaducts and bridges shall be submitted to and approved by the Board of Public Improvements, and constructed under the supervision and to the satisfaction of the street commissioner, at the cost and expense of said railway company. Whenever the city shall declare, by ordinance, the necessity of bridging over or tunnelling under any street on the line of this railroad, the company owning said railroad shall be obliged to pay one-half the cost of such structure and the whole cost of the grading necessary.

" 'Sec. 3. As soon as the said company shall have made the necessary surveys, and before it shall have finally adopted the lines and grades of its road, or be authorized to commence the construction of its line, or any part thereof, it shall submit a map and profile of such part of its proposed line or route to the Board of Public Improvements; and any suggestions

as to changes of such line or route not consistent with the provisions of this ordinance, and of grades which shall be recommended by such board, shall, if not agreed to by said company, be submitted to the municipal assembly, and, if approved by said assembly and the mayor, shall be adopted by said railway company, and for a failure to do so within thirty days thereafter all the rights, privileges and franchises granted by the city of St. Louis shall be forfeited.'

" 'Sec. 11. Said railway company shall in good faith commence the construction of its road within three months from the date of the passage of this ordinance, and shall have the same completed and in operation so as to form a northern and southern connection with one or more of the existing railways hereinbefore mentioned, within one year from said date unless estopped therefrom by due process of law. A failure to comply with the provisions of this section shall work a forfeiture of the rights and privileges herein granted, unless in the meanwhile said time shall be extended by ordinance.'

"That after the passage of said ordinance, the defendant adopted its route and grades, which were duly approved by the Board of Public Improvements; that one of the grades was inconsistent with said ordinance in this: that it fixed the grade of one of the defendant's crossings of King's Highway on the surface of said road; whereas, the ordinance required that both crossings of King's Highway should be on a viaduct at least fourteen feet high; that defendant built its road across King's Highway on the grades established by the said Board of Public Improvements, to-wit: one on the surface and the other on a fourteen-foot viaduct; that if defendant's road, where it crossed King's Highway at a grade, had been laid upon a viaduct instead of a grade, it would have crossed the

Old Manchester road at a grade; that in consequence of said change of grade at King's Highway, defendant's road was built across the Old Manchester road at a depth of twenty feet below its surface; that defendant had no right to adopt and that the Board of Public Improvements had no right or power to appove said grade; that the Old Manchester road was a public highway, and passed over plaintiff's land, and that plaintiff was the owner in fee of the land occupied by said road, subject only to its use as a public street or highway; that defendant condemned a right of way over plaintiff's said land on both sides of said Old Manchester road, but did not condemn a right of way over that part of plaintiff's land occupied by said Old Manchester road; that after defendant had adopted its grade and before it had constructed its railway over said Old Manchester road, plaintiff notified defendant that it had no right to cross said road below its surface; that plaintiff's land has been greatly injured and depreciated in value by the construction of defendant's railroad below the surface of said Old Manchester road; that it has been and is irreparably injured by the crossing of defendant's railroad below the surface of said road, and that it has no adequate remedy at law therefor.

"It, therefore prays the court, to restrain the defendant from running its trains and operating its road through the cut under the Old Manchester road, and that it be required to fill up said cut and restore said road to its former condition, and that it be required to construct its road on the surface of said Old Manchester road and pay the plaintiff all the damages sustained by it in consequence of the making of said cut, and for the use and occupation of the land in said cut beneath the Old Manchester road."

Defendant demurred to plaintiff's bill on the ground that it failed to state facts sufficient to constitute a cause of action against it and the court sustained the demurrer; plaintiff declined to plead further, and a judgment was entered on the demurrer for the defendant and an appeal was perfected by plaintiff to this court.

All of the material allegations of the petition are admitted by the demurrer, and if, when taken as a whole, they state a cause of action, the demurrer was improperly sustained, and the cause should be reversed.

The petition alleges that plaintiff is the owner of the land described therein, and to which the injury is claimed to have been committed. This is a material allegation, and it was not at all necessary that it should aver from whom or how the title was obtained. This would be a matter of evidence, which, under the code, should not be pleaded. *Kerr v. Simmons*, 82 Mo. 269; *Murphy v. Price*, 48 Mo. 247.

There is, however, an insurmountable objection to plaintiff's petition, and upon that ground, if no other, the demurrer was properly sustained; and that is, that plaintiff, admitting all of the allegations in the petition to be true, has a complete and adequate remedy at law for the injury sustained. *Walker v. Railroad*, 57 Mo. 275.

The city ordinance under which defendant's road was constructed, was approved June 15, 1886, and by the eleventh section defendant was required to commence its construction in good faith within three months from its passage, and to complete it within one year thereafter. This suit was not commenced until September 23, 1890, and while plaintiff alleges that the road has been constructed and is being operated, it took no steps to prevent the entry by defendant on its land, and the construction of its road.

· The petition does aver however, that it objected and notified defendant of its objection, while the road was being built. It seems that equity and fair dealing would have required plaintiff to have taken some action in order to have prevented the injury complained of, and that it ought not to be permitted to stand by and see the work going on, and large sums of money in and about the same being expended, and after all this has been done and the road completed and in operation, then come into a court of equity, and ask that the defendant be enjoined and restrained from the operation of its road, until it shall have been compensated for the injury to its lands by reason of its construction and operation. An injunction should not be granted under such circumstances. There is no equity in the bill, and the demurrer to the petition was properly sustained.

As this disposes of the case, it is thought unnecessary to pass on the other questions raised by counsel in the case. Judgment affirmed. All concur.