EDNA HOVEKAMP DINKELMAN and JOSEPHINE HOVEKAMP, Appellants, v. MAMIE HOVEKAMP.—80 S. W. (2d) 681.

Division Two, March 5, 1935.

568

*Cullen, Fauntleroy & Edwards* for appellants.

*Bass & Bass* and *H. A. Loevy* for respondent.

FITZSIMMONS, C.—This case comes to the writer upon reassignment. Plaintiffs appeal from a judgment of the Circuit Court of the City of St. Louis vesting in defendant title to certain real estate in that city. Suit was brought to determine title under Section 1520, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1682). Plaintiff, Josephine Hovekamp, is the first wife of Joseph E. Hovekamp, deceased, they having been married in Cincinnati, Ohio, January 7, 1891. Plaintiff, Edna Hovekamp Dinkelman, is the daughter, born of that marriage. Defendant, Mamie Hovekamp, was married to Hovekamp in St. Louis, Missouri, on January 16, 1904. Hovekamp and defendant, his St. Louis wife, acquired the real property in suit on May 2, 1923, by deed running to them as husband and wife. Hovekamp died on October 31, 1927. For ease of distinction of the two wives of Joseph E. Hovekamp, and not by way of unbecoming levity, we sometimes may refer to plaintiff, Josephine Hovekamp, as the Cincinnati wife, and to defendant, Mamie Hovekamp, as the St. Louis wife.

I. Plaintiffs first complain that the action was one at law and they were entitled to a trial by jury and there was no waiver of that right. It has been settled since the decision of this court in Lee v. Conran, 213 Mo. 404, 111 S. W. 1151, that the character of an action, whether as one at law or in equity, brought under present Section 1520, Revised Statutes 1929, is to be determined by the issues raised by the pleadings. Where the petition states an action at law, but the answer sets up an equitable defense and asks affirmative relief, the answer converts the action at law into a suit in equity. [Koehler v. Rowland, 275 Mo. 573, 205 S. W. 217, 9 A. L. R. 107.] The amended petition was in conventional form.

It stated that plaintiffs were the owners in fee simple as tenants in common of the land in suit, and that defendant was claiming some title, estate or interest in the land. The prayer was that the court ascertain and determine the title, estate and interest of the plaintiffs and of defendant. The answer, after making a general denial, set up several defenses one of which was that Joseph E. Hovekamp and defendant Mamie Hovekamp were married in St. Louis on January 16, 1904, and lived together in that city as husband and wife until his death in 1927; that on May 2, 1923, by deed to them, as husband and wife, they acquired the real estate in suit for a consideration of $7500. Of this sum Hovekamp contributed $3000, which defendant and he had saved out of his earnings during his marriage, and defendant contributed $3000 which her father had given her before his death in 1921. Hovekamp and defendant executed a purchase-money deed of trust for the balance, $1500, which was an encumbrance upon the property at the time of the filing of the answer. Defendant further pleaded that from the time of the purchase of the property by her and her husband, Hovekamp, she and he, and no one else, out of their own money paid all taxes, all interest due on the note and deed of trust securing the same, commissions for the renewal of the deed of trust, premiums on fire and tornado insurance policies, and also made at their own expense all repairs, the total aggregating a considerable sum. The answer further pleaded that if the court should decree that defendant was not the sole owner of the property and that plaintiffs, or either of them, had any interest, estate or title, then the court should decree that an accounting be had and taken of the expenses and disbursements so made and that plaintiffs or either of them be ordered to repay defendant her just and proper proportion thereof and that the same be declared to be a lien on the interest of the plaintiffs or either of them, in the property.

Since equity has jurisdiction, in a proper case, to cause an accounting to be made and to render judgment for the amount ascertained (State ex rel. Minnesota Mutual Life Insurance Company v. Denton, 229 Mo. 187, 129 S. W. 709, 138 Am. St. Rep. 417), we are of the opinion that the prayer of defendant's answer for affirmative relief by way of an accounting converted the action into a suit in equity. We may add that, upon the authority of the decision of this court in Bratschi v. Loesch, 330 Mo. 697, 51 S. W. (2d) 69, the losing parties should not be heard upon the record here to make complaint for the first time in their motion for a new trial and upon appeal to this court that they were entitled to a trial by jury. Accordingly this assignment of error is ruled against plaintiff.

572

■ II. We having ruled, in accord with defendant's contention, that this case is one of equitable cognizance, it becomes our duty to examine the record and to pass upon the merits of the case. [Price v. Morrison, 291 Mo. 249, 236 S. W. 297.] By her own testimony and that of her sister, a witness to the marriage, and by marriage and baptismal records, the Cincinnati wife proved that she and Joseph E. Hovekamp were married in Cincinnati January 7, 1891; that plaintiff Edna Hovekamp Dinkelman, was born of that marriage; that the Cincinnati wife and Hovekamp lived together in Cincinnati for ten years; that he then left her and went to St. Louis where he resided until his death. She abided in Cincinnati ever after to the time of trial. The plaintiff wife also testified that she did not correspond with her husband, while he was in St. Louis. She did not know his address and she inquired of his mother about him. He returned to Cincinnati only once after his departure, namely at the death of his mother in 1922.

The evidence of the St. Louis wife, Mamie Hovekamp, was equally conclusive that she and Joseph E. Hovekamp were married at Edwardsville, Illinois, January 16, 1904, and that she and he lived together openly and publicly as husband and wife in St. Louis from the date of the marriage until he died in October, 1927. The St. Louis wife also established by records that she and Hovekamp acquired the property in suit by deed to them as husband and wife in May, 1923. She testified that she and he lived in these premises, 2924 Salina Street, St. Louis, until his death, and that the property was paid for in the manner heretofore stated.

The Cincinnati wife testified that she did not bring any divorce proceedings against Hovekamp, that he did not obtain a divorce from her and that, as far as she knew, there had not been a divorce. The St. Louis wife testified that she knew Hovekamp for a year before they were married; that before their marriage he informed her his home was in Cincinnati; that he had a wife and child there but that he was divorced. "And after that," she testified, "I never asked him a question. He never spoke about it after that. He never went home. He was always here."

While there are not in the record any special findings or memorandum of the court's views, it seems quite clear from the foregoing summary of the evidence and from the pleadings that the trial court by its decree granted to the St. Louis wife full title to the property upon a finding that the marriage contract of Hovekamp and the Cincinnati wife had been dissolved; that the defendant was his lawful wife at the time of his death and that she as the survivor under the law governing estates by the entireties took the property, to the exclusion even of the plaintiff's daughter and heir, Edna Hovekemp Dinkelman. Defendant, by her answer, set up as special defenses, first, that she was Hovekamp's lawful wife; that she and he

had in the property an estate by the entireties, and that she survived him; second, that if the court should find that defendant was not Hovekamp's lawful wife, it should decree to her an estate in common and order an accounting of which we have made mention. A further defense was a waiver of interest by the Cincinnati wife. The decree adjudged that defendant, at the date of the institution of the suit, "was and is the sole owner of and owns and possesses the entire, whole and complete fee simple title to and estate in" the real estate in suit. This decree is consistent solely with a finding that defendant was Hovekamp's lawful wife at the time of his death.

Does the law and the evidence sustain that finding? Are we justified, in the performance of our duty in an equity case to review the evidence, to give our approval to that finding? In our opinion we should answer those questions in the negative. Defendant relies upon the oral statement of Hovekamp to her before their marriage that he was divorced and upon his sworn statement in the application for a license to marry her that he was single and unmarried. She also rests this point of the case upon Missouri decisions in tort actions holding in effect that it will be presumed in favor of the second marriage that the first marriage was dissolved so that the burden of evidence is cast upon the party questioning the validity of the second marriage. [Klein v. Laudman, 29 Mo. 259; Johnson v. St. Joseph Terminal Ry. Co., 203 Mo. 381, 101 S. W. 641.] In our opinion the statements of Joseph E. Hovekamp are overcome and should be discredited and any presumption of the validity of defendant's marriage which we might indulge is put to flight by certain evidence which defendant introduced. In support of her defense that the Cincinnati wife waived her rights to the property, the St. Louis wife produced and placed in evidence the following instrument signed by plaintiff, the Cincinnati wife:

"Cincinnati, August 6th, 1922.

"In consideration of one ($1.00) Dollar and other good and valuable considerations to me paid by my husband, Joseph Edward Hovekamp, I propose and agree to accept the legacy of Two Thousand ($2000.00) Dollars subject to the conditions of same as bequeathed to me by Item Nine of the Last Will and Testament of Teresa Hovekamp, deceased, admitted to probate and record by the Probate Court of Hamilton County, Ohio, on February 27th, 1922, and recorded in Will Book 156 Page 56 of said Court Records; and further, in the event of payment made to me by the said Joseph Edward Hovekamp of the sum of Thirty two Hundred fifty ($3250.00) Dollars on or before September 1st, 1922, then in consideration thereof I will assign, transfer and surrender to him, the said Joseph Edward Hovekamp, his executors, administrators and assigns, all my right, title and interest in the said legacy and in compliance with its terms and conditions will fully release and

surrender to him, his executors, administrators and assigns, all rights, claims and demands which I may have against said estate of Teresa Hovecamp, deceased, or against the said Joseph Edward Hovekamp, individually or against any property, real or personal, now belonging to him or hereafter acquired by him; particularly all my claims or demands, either present or future, for maintenance and support or otherwise in the nature of alimony, as also my right and expectancy of dower in or to any real estate now or hereafter owned by him, as well as all vested dower in case I should survive him, hereby agreeing to execute, acknowledge and deliver to him, or to his assigns or grantees, all deeds and other instruments in writing, necessary or proper to carry this proposition, if accepted on or before September 1st, 1922, into full legal effect, and towards consummating a settlement in full of all my claims and demands, present or future, against the said Joseph Edward Hovekamp or his property.

"JOSEPHINE HOVEKAMP."

"Witnesses:
"George W. Kennerly, Jr.,
"Carl T. Foley.

"August 16, 1922.

"Received from Joseph Edward Hovekamp Thirty two hundred and fifty ($3250.00) in full payment and satisfaction of the above agreement.

"JOSEPHINE HOVEKAMP."

Defendant testified that she found this instrument in Hovekamp's desk after his death. Evidence on behalf of the Cincinnati wife was to the effect that Hovekamp's mother Teresa by her will left to plaintiff $2000, the bequest being conditioned substantially as stated in the instrument; that the Cincinnati wife assigned to him the bequest of $2000, and in turn received from him the sum of $3250 mentioned in the instrument; and that this sum of $3250 was determined by two Cincinnati lawyers representing Hovekamp and plaintiff by the application to their respective ages of certain life expectancy tables. Thus we see, by written evidence, found by the St. Louis wife in Hovekamp's desk, after his death in 1927, that Hovekamp, who was married to defendant in 1904, recognized the continuity of his legal relationship to his Cincinnati wife in 1922. This evidence, in our view, defeats defendant's contentions that the court was warranted in holding that her marriage was valid.

III. Plaintiff, Josephine Hovekamp seeks to avoid the effect of the above-quoted release by the argument that she did not by deed alienate her interest in the land in suit. Without stopping to examine the question whether, under the statutes of Missouri, she could release and dispose of her dower or other inchoate interest only by deed, we note that, by the instrument dated August 6, 1922,

she agreed to execute all deeds and other instruments necessary to carry the agreement into effect, provided that the consideration of $3250 was paid to her on or before September 1, 1922. The instrument also shows her acknowledgment of receipt of payment of the money on August 16, 1922. There was no testimony that she did not execute the deed. This is a suit in equity. One of the maxims of equity is that it regards that as done which ought to be done. If a deed was legally necessary to the consummation of plaintiff's agreement we will assume that she executed it.

IV. In the view which we take of the evidence, the pleadings and the applicable principles of law and equity, we are of opinion that the trial court should enter a decree in this case finding and adjudging: That defendant, Mamie Hovekamp and Joseph E. Hovekamp owned the property in suit in equal shares as tenants in common; that plaintiff, Josephine Hovekamp released and relinquished all rights whatever that she at any time had in the land, and that she acquired no rights upon the death of her husband, Joseph E. Hovekamp; that plaintiff, Edna Hovekamp Dinkelman, the daughter of Joseph E. Hovekamp, is vested by inheritance with an undivided one-half share in the land, free from any charge or lien or liability to an accounting for any moneys expended by defendant or by Joseph E. Hovekamp for taxes, repairs, insurance, interest or any other purpose; that defendant Mamie Hovekamp is vested with an undivided one-half share in the land; that the parties are equally liable for the costs of the action. In finding that Josephine Hovekamp alienated all her interest in the land in consideration of the payment to her of $3250, we do not undertake to construe, by way of precedent, the instrument dated August 6, 1922. To the end that equity be done, we are of opinion that the writing was sufficiently broad to dispose of her rights of inheritance as well as of dower. In relieving the plaintiff Dinkelman of liability for taxes and the like, we take account of the fact that defendant Mamie Hovekamp and Joseph E. Hovekamp as tenants in common lived in one part of the premises and enjoyed the rents of the other part from the time of the purchase of the property until Hovekamp's death, and that thereafter Mamie Hovekamp had the like enjoyment. On well-known principles of law governing tenancies in common defendant has no claim against plaintiff Dinkelman for contribution.

The decree from which appeal was taken is reversed and the cause is remanded with directions to the court below to enter a new decree in accordance with the terms of this opinion. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.