WILLIAM LAMPSON and PEARL LAMPSON, Appellants, v. NEW COLE COUNTY BUILDING & LOAN ASSOCIATION, a Corporation.—106 S. W. (2d) 911.

Division Two, June 21, 1937.

*A. R. Troxell* for appellants.

*Ira Lohman* for respondent.

BOHLING, C.—Action in equity seeking to set aside and cancel a certain trustee's deed executed under power conferred in a deed of trust securing certain indebtedness of appellants. Respondent's demurrer on the ground appellants' bill did not state facts sufficient to constitute a cause of action was sustained, and appellants, refusing to plead further, appeal from the judgment dismissing said bill.

Appellants' brief assigns error in the sustaining of respondent's demurrer. We quote appellants' points and authorities: "A suit may be maintained to set aside a fraudulent deed. Morris v. Hanssen, 336 Mo. 169, 78 S. W. (2d) 87." Appellants' brief does not further develop any issue. We are left to apply the above abstract statement of law to the facts in issue here, and think the appeal should be dismissed under our Rule 16 for failure to comply with our Rule. 15. (337 Mo. iii, appendix.)

The mere fact that a cause of action existed in appellants to set aside a fraudulent conveyance does not establish that the allegations of appellants' bill showed appellants entitled to such relief any more so than the existence of a cause of action for damages arising out of personal injuries (or any other cause of action) establishes the sufficiency of the allegations of the written pleadings attempting to state the cause of action. The cause of action and the pleading thereof are things separate and apart when the sufficiency of the pleading is questioned by demurrer. Morris v. Hanssen, supra, was to the effect that a plaintiff, entitled under the evidence to set aside and cancel certain conveyances for fraud, was not to be deprived of such relief, although there was no allegation and proof of the insolvency of the defendant, upon the theory an action for damages at law afforded an adequate remedy. The opinion remarks: "It seems to have been conceded that plaintiff's petition stated a good cause of action in equity and does not show on its face at least that plaintiff has an adequate remedy at law. If it does so show, a demurrer should have been interposed, and that was not done." [336 Mo. 1. c. 178(2), 78 S. W. (2d) 1. c. 91(5).] A demurrer on the ground a bill does not state facts sufficient to constitute a cause of

action has been considered broad enough to raise such an issue [Troll v. Third National Bank, 278 Mo. 74, 80(1), 211 S. W. 545, 546(1); Planet, etc., Co. v. St. Louis, etc., Ry. Co., 115 Mo. 613, 619, 22 S. W. 616, 617], as well as additional issues (Troll case, supra). Our Rule 15 requires the brief of an appellant to "distinctly allege the errors committed by the trial court, and . . . contain . . . (2) a statement, in numerical order, of the points relied on, with citation of authorities thereunder. . . ." We need not further concern ourselves with the stated ruling in Morris v. Hanssen, supra; for, conceding the correctness of the sole contention presented in appellants' brief and that appellants did not misconceive their remedy, we still face the issue presented to the trial court, viz., did appellants' bill state facts sufficient to constitute a cause of action for a decree setting aside and canceling the conveyance therein questioned. On such issues appellants' brief is silent. We certainly are not expected to violate our own rules, upon the due observance of which litigants have a right to rely, cast aside our judicial functions, assume the role of counsel for an appellant, devote such time and labor as may be necessary to properly develop and analyze the facts involved, brief the issues presented by a respondent and thereafter judicially discuss and determine such of said issues as may be essential to a determination of our review when no reference to such issue or issues is to be found in the appellant's brief. Appellants' submission of their appeal does not conform with the requirements of our rules. [Hartkopf v. Elliott, 339 Mo. 1009, 99 S. W. (2d) 25; Majors v. Malone, 339 Mo. 1118, 100 S. W. (2d) 300, and see, generally, 2 Mo. Law Review 206.]

Furthermore, after examining appellants' bill, we are of opinion the trial court correctly ruled respondent's demurrer.

Applying our Rule 16, the appeal is dismissed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.