W. P. ERHART, Executor of the Estate of Nelly A. Clark, Deceased, Respondent,

v.

Thomas G. TODD, Appellant.

No. 46831.

Supreme Court of Missouri,

Division No. 2.

July 13, 1959.

Louis L. Hicks, Clayton, for appellant.

F. Wm. McCalpin, St. Louis, Lewis, Rice, Tucker, Allen & Chubb, Louis Glaser, St. Louis, of counsel, for respondent.

BOHLING, Commissioner.

This is an action by W. P. Erhart, executor of the estate of Nelly A. Clark, deceased, on a note for a balance claimed due from Thomas G. Todd, the maker, after the foreclosure of a second deed of trust on described real estate in St. Louis County, Missouri, said Nelly A. Clark being the original owner and payee of said note. Defendant appeals from a judgment in favor of plaintiff for $47,825, and contends the court erred in overruling his application to disqualify the judge, and in striking his cross-bill in equity from his answer, counterclaim and cross-bill.

The record discloses the following proceedings. On September 10, 1956, a default and inquiry, granted September 4th, was

set aside and, by leave, defendant filed answer. Thereafter, January 16, 1957, the cause was placed on the trial calendar for March 25th. On March 28th, by leave, defendant's then attorney withdrew and the cause was set for trial May 20th. On May 20th defendant's present attorney entered his appearance and the cause was continued and reset for September 23rd. September 9th, defendant, by leave, filed first amended answer and counterclaim. September 12th, plaintiff filed reply to defendant's counterclaim. October 7th, cause was reset for November 18th at top of docket. November 12th, by leave, defendant filed second amended answer, counterclaim and cross-bill in equity. On November 14th plaintiff filed reply to defendant's counterclaim and answer to defendant's cross-bill. On November 15th, "by leave, defendant's motion to amend prayer in interlineation, as per memo, filed. Oral motion to dismiss cross-bill in equity of defendant, argued and submitted. Leave to amend as above requested denied."

On November 18th plaintiff's motion to dismiss defendant's cross-bill in equity was sustained and said cross-bill was dismissed with prejudice. The cause was called on the docket, and on representation of defendant's counsel that defendant was en route to St. Louis, that weather was preventing his airplane from continuing to St. Louis and that defendant had sent a telegram to that effect, the cause was passed to 2:00 p. m. Thereafter, on said day, defendant filed an affidavit to disqualify the trial judge.

On November 19th the parties appeared by their respective counsel and counsel for defendant presented his affidavit as to the disqualification of the trial judge. We quote: "On plaintiff's objecting thereto, same is denied on the grounds that it was untimely filed after the cause was called for trial at the opening of court November 18, 1957, and was thereupon passed to 2:00 p. m. to accommodate the defendant, and on the further ground that the affidavit in

question was insufficient. /s/ F. Ferriss, Judge."

Thereafter, the cause was heard, defendant not appearing, and judgment was entered for plaintiff and defendant's counterclaim was dismissed. On the day of the judgment defendant filed his motion for new trial and later appealed.

In the affidavit to disqualify the trial judge, defendant's counsel, as attorney and agent of defendant, stated "that he has just cause to believe and does believe that he cannot have a fair and impartial trial before Judge Franklin Ferriss, the Judge before whom said cause of action is pending, on account of the bias and prejudice of said judge;" and that he obtained the information and knowledge thereof on said November 18, 1957. The affidavit was "sworn to and subscribed before" a notary public, and shows a copy was served on opposing counsel "November 18th, 1957—1:30 p. m."

A trial judge may be disqualified on several grounds, including "prejudice," (§ 508.090), upon petition by a party, his agent or attorney, setting forth the cause of his application for disqualification and when he obtained his information and knowledge thereof, and upon annexing thereto an affidavit "to the truth of the petition, and that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged" (§ 508.130). If reasonable notice has been given the adverse party, the judge shall consider the application, and if it is sufficient, the judge shall be disqualified (§ 508.140, subd. 1). Above statutory references are to Mo.Supp.1957, RSMo 1949, V.A.M.S., and Laws 1957, pp. 294–297.

■ The right to a change of venue, including objections to the judge, is a statutory privilege, and strict compliance with provisions relating to the substance of the petition and affidavit is essential. Spencer v. Smith, Mo.App., 128 S.W.2d 315, 318 [3]; George L. Cousins Contracting Co. v.

Acer Realty Co., Mo.App., 110 S.W.2d 885, 888[1, 2]. The last mentioned case states: "This is so doubtless because from the very nature of the remedy it is easily liable to serious abuses. In the instant case the affidavit annexed to the petition clearly does not comply with the statute. The affiant does not swear that he has just cause to believe that plaintiff cannot have a fair trial on account of the cause alleged, nor does he swear to the truth of the petition, but merely to its truth 'to the best of his knowledge, information and belief.' The insufficiency of the affidavit is hardly open to question." See Industrial Acceptance Corp. v. Webb, Mo.App., 287 S.W. 657, 658[3]; Browder v. Milla, Mo.App., 296 S.W.2d 502, 506[5–10], and cases cited.

In Fugate v. Carter, 6 Mo. 267, 269, defendant presented his petition for a change of venue after the parties had announced ready for trial and the jury were being called into court. The court held (at page 271): "The statute authorizes and requires this [awarding a change of venue] to be done, on a state of facts specified, when reasonable notice has been given to the opposite party. In this case the motion came too late; a party might create great vexation to his opponent, if, after the case was called and the sheriff was summoning the jury, he could call for a change of venue. I suppose there might be cases in which the party might show good reasons for not applying sooner and excuse himself for this delay, but no such reasons appear in this record. The defendants asked it as a matter of right, and the court properly refused to award a change of venue." See also State v. Davis, 203 Mo. 616, 621, 102 S.W. 528[1]; Perry's Administrators v. Roberts, 17 Mo. 36, 40(2); Groo v. Sanderson, 208 Mo.App. 623, 235 S.W. 177[2].

In Planters' Bank v. Phillips, Mo.App., 186 S.W. 752, 753[2], when the case was called on the thirteenth day of the return term, the defendant filed his application for a change of venue. Sturgis, J., although ruling the case on another issue, stated:

"The court's holding that the application was made too late, and not in good faith, being made after the case was called for trial, is justified by the record, pleadings, files and proceedings in the court." Padberg v. Padberg, Mo.App., 78 S.W.2d 555, 559[2], states: "The court would indeed have been warranted in considering the question of what its own record showed upon the question of affiant's good faith * * *." See also Browder v. Milla, Mo. App., 296 S.W.2d 502, 507[10].

■ The instant petition was filed July 24, 1956. A default was entered September 4th, with trial set for September 24th. Said default was set aside September 10th, and, by leave, defendant filed answer. Thereafter, the cause was set for trial on March 25, 1957, again on May 20th, and again on September 23rd. On September 9th, two weeks before trial date, upon leave, defendant filed first amended answer and counterclaim. Plaintiff promptly filed reply to defendant's counterclaim on September 12th. On October 7th, the cause was set for trial on November 18th at the top of the docket. On November 12th, six days before trial date, defendant filed his second amended answer, counterclaim and crossbill in equity. On November 14th plaintiff again promptly filed his reply to defendant's amended counterclaim and his answer to defendant's cross-bill. Defendant, in his brief, states the affidavit was filed because the court disclosed prejudice in forcing defendant's attorney to trial in the absence, occasioned by weather conditions, of his client. The court had just passed the case to 2:00 p. m. to accommodate defendant and permit of his presence. Defendant's counsel made no additional request for a postponement, and from a statement by him, incorporated in the record, defendant arrived later in the day but after the affidavit was filed, it being filed after 1:30 p. m. The unavoidable absence of a party is not always a ground for continuance. Owens v. Tinsley, 21 Mo. 423, 425; Hurck v. St. Louis Exposition, 28 Mo.App. 629, 631.

The only case cited by defendant in support of his position is Lagrange Elevator Co. v. Richter, Mo.App., 129 S.W.2d 22, quoting headnote six thereof. The court there held that an affidavit which embraced an essential statutory ground for a change of venue and the statutory required statements of the affidavit to be annexed to a petition for a change of venue (see § 508.-130) was not to be held bad because it did not follow the statutory form of a petition with an affidavit annexed thereto.

"On appeal, the presumption always is that the decision of the lower court was correct, and the burden is upon appellants to affirmatively show error as a condition precedent to reversal." State to Use of Consolidated School Dist. No. 42 v. Powell, 359 Mo. 321, 221 S.W.2d 508, 511[7], citing cases. See Davidson v. Hennegin, Mo., 304 S.W.2d 836, 839[5]; E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W. 2d 636, 643[19].

■ Reading the entry of November 18, 1957, in the light of the entry of November 19th, the latter being prepared by the judge of the court (see State ex rel. Caldwell v. Cockrell, 280 Mo. 269, 285, 217 S.W. 524, 530; 14 C.J.S. Clerks of Courts § 39, p. 1246). "The cause was called for trial at the opening of court November 18, 1957," the judge announced his ruling on plaintiff's motion to dismiss defendant's cross-bill in equity, and, at defendant's request, passed the cause to 2:00 p. m. to accommodate defendant and his counsel. Defendant's affidavit was thereafter filed. In these circumstances, defendant has not established that the court erred in holding defendant's affidavit was filed after the commencement of the trial. Clearly, defendant's only authority does not establish error. We are also of the opinion the court's action may be sustained under the authorities hereinbefore cited on the ground that defendant was not acting in good faith, and we are not disposed to interfere. The record shows plaintiff was seeking a trial and defendant was employing a studied pattern of delay.

The factual situation is somewhat similar to that in State v. Davis, supra, 102 S.W. 528[1]. We need not consider other grounds advanced by plaintiff to sustain the trial court.

The remaining point in defendant's brief is: "II. Where a petition states an action at law, an answer which sets up an equitable defense and asks affirmative relief, converts the action at once into a suit in equity so that the rules of equity apply; but setting up an equitable defense does not convert the action unless affirmative relief is prayed." Defendant cites Kerstner v. Vorweg, 130 Mo. 196, 199(I), 32 S.W. 298, 299 (1); Johnson v. McAboy, 350 Mo. 1086, 169 S.W.2d 933, 935[1]; Dinkleman v. Hovekamp, 336 Mo. 567, 80 S.W.2d 681, 682[2].

■ Defendant does not show the applicability of his authorities to the facts here involved. Plaintiff does not question the holdings of defendant's cases. He contends that defendant's point states abstract propositions of law without attempting to apply them to the issue to be presented, and that said point does not comply with Sup. Ct.Rule 1.08(a) (3), 42 V.A.M.S. Consult Brown v. Citizens State Bk., 345 Mo. 480, 134 S.W.2d 116, 118, 119; Lampson v. New Cole County Bldg. & Loan Ass'n, 341 Mo. 168, 106 S.W.2d 911[2]. The point as presented by defendant is ground for affirming the trial court's action on this issue under Rule 1.15.

Plaintiff in his answer to defendant's cross-bill pleaded that defendant's second amended answer and counterclaim show on their face that defendant has an adequate remedy at law; that no multiplicity of suits is involved, and that defendant's cross-bill in equity fails to state a claim upon which equitable relief can be granted. The objection of failure to state a claim upon which relief can be granted may be raised by motion when the objection appears on the face of the pleadings (RSMo 1949, § 509.300, V.A.M.S.); and, although a party waives objections available to him

by motion by failure to timely assert the same by motion, failure to state a claim upon which relief can be granted is excepted from said waiver (Id., § 509.340, § 509.400, Sup.Ct.R. 3.23). The record discloses that plaintiff's answer to defendant's cross-bill invoked action by the court on the sufficiency of defendant's cross-bill to state a claim for equitable relief; and the entry of November 15th, when read as a whole, shows that the parties were heard with respect thereto by the court.

 As stated, plaintiff's action was on a note for a deficiency judgment after the foreclosure of a deed of trust. Defendant's counterclaim consisted of two numbered paragraphs and a prayer for $75,000 damages. Defendant's cross-bill adopted said paragraphs 1 and 2 of his counterclaim "as fully as though set out in haec verba"; and then alleged that defendant had no adequate remedy at law unless the court intervened and avoided a multiplicity of suits. Defendant prayed for temporary and permanent injunctions to restrain plaintiff from suing defendant on said note and deed of trust, and that said note and deed of trust be cancelled. Defendant pleads identical factual allegations to establish his counterclaim at law and his cross-bill in equity. He states that on the same facts he has an action at law and that he has no remedy at law. There was no suit on the deed of trust. It had been fully executed by foreclosure. A verdict and judgment for either party in plaintiff's action on the note would effect the same result as the determination of an injunction to restrain plaintiff from suing defendant on the note. Defendant had and pleaded his remedy at law in his counterclaim. It appears, construing all the pleadings together, that a trial, verdict and judgment on plaintiff's claim and defendant's counterclaim would constitute a complete adjudication at law of all the issues between the parties. Where it appears from the face of the pleadings that a party has an adequate remedy at law, he is not entitled to equitable relief. Planet Property & Financial Co. v. St. Louis, O.

H. & C. R. Co., 115 Mo. 613, 619, 22 S.W. 616[1]; Kerber v. Alt, Mo.App., 275 S.W. 2d 604, 606[1, 2].

Defendant's presentation does not establish error in the ruling of the trial court.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.