ESTATE OF Mary Rose HOLLOWAY a/k/a Mary Whitaker, Respondent,

v.

Homer WHITAKER, Appellant.

No. 49123.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 17, 1985.

Paskal, Cohen & Kelley, Byron Cohen, Clayton, for appellant.

William S. Preiss, Clayton, for respondent.

CRIST, Presiding Judge.

Homer Whitaker (first husband) appeals from the trial court's order finding Gaston Holloway, Jr., (second husband) to be the surviving spouse of decedent, and ordering letters of refusal be issued to him. We affirm.

First husband married Mary Rose Moore (decedent) in Helena, Arkansas in 1950. They moved to St. Louis, where they lived together from 1950 until 1955. In 1955, first husband moved to California. Shortly thereafter, decedent also moved to California, where she lived with first husband until 1957. In 1957, decedent returned to St. Louis. In 1958, she moved back to California, but later that year returned alone to St. Louis.

In the following twenty-six years, first husband visited decedent in St. Louis several times. There was no evidence decedent ever returned to California to visit first husband. On a recent visit to St. Louis, first husband and decedent entered into a residential sales contract, which acknowledged the receipt of an earnest deposit from first husband and "Mary Whitaker, his wife" and was signed by "Homer Whitaker and Mary Whitaker."

Second husband married decedent in St. Louis in 1976. Decedent signed the marriage license as Mary Collins, and stated this was her first marriage. Second husband and decedent lived together until 1981, when they separated, and again from March, 1982 until November, 1983. In August, 1983, decedent purchased a car using second husband's surname. At the time of her death, decedent was using second husband's surname on her bank account. Decedent died on February 29, 1984.

■ On appeal, first husband asserts the trial court's order finding second husband to be decedent's surviving spouse was against the weight of the evidence. This being a court-tried case, the judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court resolves conflicts in the evidence, and may believe all, part or none of the testimony of any witness. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d 481, 483 (Mo. banc 1980).

■ The second marriage is presumed valid. Thus, the first husband has the burden of proving the second marriage invalid. *Osmak v. American Car & Foundry Co.*, 328 Mo. 159, 40 S.W.2d 714, 717 (1931); *Griggs v. Pullman Co.*, 40 S.W.2d 463, 464 (Mo.App.1931). The invalidity of the second marriage cannot be found unless first husband completes a chain of evidence which excludes every indication or suggestion which might conceivably rescue the second marriage from invalidity. *Osmak*, 40 S.W.2d at 717; *Griggs* at 464. This evidence must be strong, distinct, satisfactory and conclusive. Decedent's recognition, prior to her death, of a continuing legal relationship to first husband may overcome the presumption the second marriage is valid. *See Dinkelman v. Hovekamp*, 336 Mo. 567, 80 S.W.2d 681, 684.

■ In the present case, the first husband has not proved the second marriage invalid. An attorney for first husband testified, over objection, that he searched the records of the circuit clerk's office in St. Louis County and the City of St. Louis, and found no record of any divorce between decedent and first husband. *But cf. Osmak*, 40 S.W.2d at 718; *Griggs* at 465. There was evidence, however, decedent

also lived in Michigan and Indiana. First husband offered no evidence of a lack of divorce proceedings between him and decedent in those states. First husband also produced two greeting cards, addressed to "My husband" and signed "your wife Mary" and "love, Mary Whitaker." This evidence, however, taken together does not rise to the level of "strong and conclusive" necessary to overcome the strong presumption of the validity of a second marriage. There is substantial evidence to support the trial court's order that the second husband was the surviving spouse of decedent.

Judgment affirmed.

CLEMENS, Senior Judge, and CRANDALL, J., concur.