Doris J. **HEUTEL,** Appellant,

v.

Johanna H. **WALKER,** Respondent.

No. 52889.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 18, 1987.

Doris J. Heutel, pro se.

Joseph J. Becker, St. Louis, for respondent.

---

GARY M. GAERTNER, Presiding Judge.

Appellant Doris Heutel appeals from an amended judgment in favor of appellant on her petition and in favor of respondent Johanna Walker on her counterclaim for an aggregate judgment of $1,000.00 and court costs against appellant. We affirm.

In April, 1986, respondent signed a lease for rent of a home owned by appellant and made a $3,000.00 deposit. The lease was to continue until October, 1986. Respondent contends she never occupied the premises due to lack of habitability. She served appellant a notice to terminate in May, 1986, and requested return of her deposit. Appellant refused and brought suit for rent and possession. Respondent counterclaimed for recovery of her deposit. Judgment at trial was rendered in favor of appellant for the sum of $2,000.00 on her petition for rent due. No ruling was made on respondent's counterclaim. Respondent's motion for a new trial or amended judgment to rule on her counterclaim was granted. Counsel for both parties appeared and argued the motion. An amended judgment was entered in favor of appellant's petition for $2,000.00 and in favor of respondent's counterclaim for $3,000.00.

Our standard of review, in a court-tried case such as this, is to uphold the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously applies or declares the law. *Estate of Holloway v. Whitaker*, 697 S.W.2d 551, 552 (Mo.App., E.D.1985).

Appellant first contends that the Minutes of Proceedings erroneously recorded appellant as present during the hearing on respondent's counterclaim. Appellant also claims that respondent asserted during trial that the premises were rented for certain specific uses in addition to a residence. Appellant has merely restated these points in the argument portion of her brief and fails to point out how she was prejudiced or wherein the court abused its discretion. Appellant's counsel was present at trial, representing her and arguing her case. The record before us does not indicate that a decision was rendered based on the information that respondent was to use the premises for something other than a residence. We fail to see how this harmed appellant's case. We will not reverse a judgment unless it is for an error materially affecting the merits of the action. *Kivett v. Stanely*, 305 S.W.2d 739, 741 (Mo.App., W.D.1957). This point is denied.

In appellant's second point, she alleges that the trial court erred in finding the premises uninhabitable and in the finding that respondent occupied the premises for only two months. Respondent and respondent's witness testified as to the lack of habitability of the premises. Respondent presented evidence showing appellant's breach of the implied warranty of habitability by failure to maintain the bare living essentials. *Detling v. Edelbrock*, 671 S.W.2d 265, 270 (Mo. banc 1984). Evidence presented at trial also indicated that respondent occupied the home for two months despite appellant's contention that the house was occupied for five months. The trial judge is in the best position to resolve conflicts in evidence. *Estate of Holloway v. Whitaker*, 697 S.W.2d 551, 552 (Mo.App., E.D.1985). We will not substitute our judgment for that of the trial court. The point is denied.

The judgment is affirmed.

SIMON and STEPHAN, JJ., concur.